**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10639 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00097-CRB-1 |
| v. | |
| CUONG MACH BINH TIEU, a.k.a. Ah Keung, a.k.a. Steve, a.k.a. Hak Se Wui, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted January 16, 2014[**]
San Francisco, California

Before: TALLMAN and IKUTA, Circuit Judges, and GORDON, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Andrew P. Gordon, United States District Judge for the District of Nevada, sitting by designation.

Defendant Cuong Mach Binh Tieu appeals his convictions following guilty pleas to ten racketeering and drug trafficking charges. Tieu alleges that: (1) trial counsel was ineffective for failing to inform him that the government might offer a package plea deal in the future; (2) trial counsel had an actual conflict of interest because counsel could not move for specific performance of a lapsed plea offer without conceding his ineffectiveness; and (3) the district court abused its discretion by declining to appoint independent counsel to advise Tieu about the availability of a motion for specific performance of a lapsed plea offer. Tieu insists that the record is adequately developed to permit us to rule on his claims now. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Tieu claims that when counsel advised him on whether to accept his original individual plea offer, counsel did not inform him that any future plea offer might be a package deal, less favorable because it would be contingent upon acceptance by his co-defendant, who later rejected the offer. To establish ineffective assistance of counsel, Tieu must show that: (1) counsel's performance was deficient, in that it fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to meet either prong is fatal to an ineffective assistance of counsel claim. *See Gentry v. Sinclair*, 705 F.3d 884, 899

(9th Cir. 2012). We conclude that Tieu has not met his burden under the first prong to show that a reasonable criminal defense attorney, knowing that package deals are not offered in every multi-defendant case, should have informed his client that the government might decide to offer a package plea deal in the future. *See Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010) ("The defendant bears the burden of overcoming the strong presumption that counsel performed adequately."). This theory is insufficient to establish that Tieu's counsel was ineffective.

Next, Tieu contends that his counsel's ineffectiveness resulted in an actual conflict of interest because moving for specific performance of Tieu's initial lapsed plea agreement would force his counsel to concede ineffectiveness. However, showing a conflict is not enough; Tieu must demonstrate that "some *plausible* alternative defense strategy or tactic might have been pursued but was not[.]" *Hovey v. Ayers*, 458 F.3d 892, 908 (9th Cir. 2006) (citation omitted, emphasis added). Tieu's proposed motion for specific performance was not plausible because it required a showing of counsel's ineffectiveness, and we conclude counsel was not.

Finally, Tieu claims that the district court abused its discretion by declining to appoint independent counsel to advise Tieu about the availability of a motion to

3

compel specific performance of the lapsed plea offer. We review the district court's denial of a motion for substitution of counsel for abuse of discretion. *See United States v. Rivera-Corona*, 618 F.3d 976, 978 (9th Cir. 2010). Here, the district court conducted an *ex parte* hearing in which he questioned defense counsel to evaluate the extent of any potential conflict and the likelihood that such a motion would be meritorious at this stage of the case. *See United States v. Roston*, 986 F.2d 1287, 1292 (9th Cir. 1993) (concluding that a single *in camera* session was an "extensive" inquiry). The district court concluded that a second opinion from independent counsel was not necessary since there was no showing of ineffectiveness at that point in the prosecution of Tieu. The district court's inquiry was adequate, and its decision to decline to appoint independent counsel was not an abuse of discretion.

**AFFIRMED**.