IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CUONG MACH BINH TIEU; SKYLER CHANG ET AL.,<br><br>    Defendants.<br>_____/ | No. CR 11-00097 CRB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO VACATE** |

On September 22, 2014, this Court issued a Final Order of Forfeiture in the case United States v. Chang et al (Case No. CR 11-0097 CRB). Artichoke Joe's and Weylin Fong, nonparties to the Chang case whose property was implicated in the order, now request that the Court reopen and vacate the order as to items "g.," "h.," "i.," "j.," and "k." to allow ten days for them to file a claim. Artichoke Joe's and Mr. Fong argue that the government failed to provide adequate notice of its intention to seek forfeiture of their property. The Court finds that the government complied with Federal Rule of Criminal Procedure 32.2(b)(6)(B)'s notice requirements as to Artichoke Joe's but not as to Mr. Fong. For that reason, the Court GRANTS the motion as to Mr. Fong but DENIES the motion as to Artichoke Joe's.

## II. BACKGROUND

On March 18, 2013, this Court entered a Preliminary Order of Forfeiture ("Preliminary Order") for property seized from Artichoke Joe's Casino and from Mr. Fong's

office inside the casino during a March 2, 2011 raid.  Prelim. Order of Forfeiture (dkt. 625). Following entry of the Preliminary Order, the government published notice of the order on www.forfeiture.gov until April 23, 2013.  Bourdon Decl. at Ex. K.  Neither Artichoke Joe's nor Mr. Fong filed a claim during that time period.  Id.

From July 2013 to December 2013, Chris Young of Keker & Van Nest, who represented Artichoke Joe's, spoke with Assistant United States Attorney Aaron Wegner regarding the seized property.  Young Decl. ¶¶ 9-13.  Mr. Young, representatives from Artichoke Joe's, and Mr. Wegner met on January 15, 2014.  Id. ¶ 19.  Mr. Young planned to discuss with Mr. Wegner Artichoke Joe's claim to approximately $22,000 that was seized during the raid.  Id. ¶ 19.  In preparation for the meeting, Mr. Wegner sent to Mr. Young a Bill of Particulars that the government had filed in the Chang case on July 29, 2011.  Id. ¶ 16. The Bill of Particulars contained a clause that read: "The United States hereby gives notice that pursuant to forfeiture statute 18 U.S.C. § 1963, as indicated in the indictment, the United States seeks forfeiture of the following property . . . ."  Bill of Particulars (dkt. 156) at 1.  The approximately $22,000 that Artichoke Joe's claimed was listed as item "m." on the Bill of Particulars.  Id.  The January 15 meeting did not go as Mr. Young planned; instead of discussing Artichoke Joe's claim to the property, the government "used the time primarily to cross-examine" Artichoke Joe's representatives about Mr. Fong and the valuables seized from his office, leaving Mr. Young and Artichoke Joe's feeling "blindsided."  Young Decl. ¶ 20.  When Mr. Young did bring up Artichoke Joe's claim to the $22,000, the government "responded that there is a process for getting this property returned."  Id. ¶ 21.  Charles Bourdon, counsel for Mr. Fong, did not attend the January 15, 2014 meeting and did not receive the Bill of Particulars that the government sent to Mr. Young.  See Mot. to Reopen and Vacate (dkt. 731) at 6.

On August 6, 2014–seventeen months after entry of the Preliminary Order–the government mailed the Preliminary Order and a Certificate of Service to Elliot Peters (who assumed representation of Artichoke Joe's after Mr. Young left the firm on August 1, 2014) at Keker & Van Nest and to Mr. Bourdon.  Countryman Decl. ¶ 2; Bourdon Decl. ¶ 14.

2

1    Mr. Peters' office received the government's mailing on August 11, 2014, but neither
2 he nor anyone else at the firm filed a petition contesting forfeiture. See Peters Decl. ¶ 4. Mr.
3 Peters argues that the year-and-a-half old order and certificate of service were insufficient to
4 notify him that the government intended to seek forfeiture of his client's property. See Mot.
5 to Reopen and Vacate at 15. Mr. Peters maintains that it was not until September 22, 2014,
6 when his office received the government's application for a Final Order of Forfeiture, that he
7 was adequately notified of the government's plan to seek forfeiture of his client's property.
8 See Mot. to Reopen and Vacate at 16.

9    Similarly, Mr. Bourdon claims that he did not receive adequate notice until September
10 23, 2014, when his office received the government's application for a Final Order of
11 Forfeiture. Bourdon Decl. ¶¶ 13-14. The government's August 6, 2014 mailing apparently
12 did not reach Mr. Bourdon because his address was printed incorrectly. Mot. to Reopen and
13 Vacate at 13. Mr. Bourdon's correct street address is 179 11th Street, 2nd Floor, but the
14 address the government printed was 179 11th Street, 2nd Street. Certf. of Service (dkt. 718) at
15 2.

## III.    LEGAL STANDARD

17    The criminal forfeiture statute, 21 U.S.C. § 853, and Federal Rule of Criminal
18 Procedure 32.2 work in tandem to set forth the framework for assessing the validity of
19 criminal forfeitures of property. United States v. Lazarenko, 575 F. Supp. 2d 1139, 1145
20 (N.D. Cal. 2008) (Breyer, J.). While the criminal forfeiture statute "paints in broad strokes
21 the proper standards and procedures," Rule 32.2 "sets forth the procedure governing criminal
22 forfeiture in greater detail." Id.

23    Federal Rule of Criminal Procedure 32.2 prescribes requirements as to the content of
24 the notice and as to the means by which the government must provide potential claimants
25 with notice. Fed. R. Crim. P. 32.2(b)(6)(A)-(B). Content-wise, the notice must describe the
26 forfeited property, state when a petition contesting forfeiture must be filed, and state the
27 contact information for the government attorney to be served with the petition. Id. at

3

32.2(b)(6)(B). Regarding the means of notice, Rule 32.2 requires the government to (1) publish notice of the order and (2) send notice to any person who reasonably appears to be a potential claimant. Id. at 32.2(b)(6)(A). Notice "may be sent in accordance with the Supplemental Rules G(4)(b)(iii)-(v) of the Federal Rules of Civil Procedure. Id. at 32.2(b)(6)(D).[1] However the government sends notice, once the potential claimants receive notice they have thirty days from either the final date of publication or from the date of actual notice, whichever is earlier, to file a petition. 21 U.S.C. § 853(n)(2).

## IV. DISCUSSION

Artichoke Joe's and Mr. Fong argue that both the content of the notice and the means by which it was sent failed to provide them with an opportunity to file a petition contesting forfeiture. See Mot. to Reopen and Vacate at 13, 15. As discussed further below, the Court concludes that the content of the government's mailing was adequate. As to Artichoke Joe's, the means of sending notice were also adequate: the government first sent to Mr. Young a Bill of Particulars that clearly stated the government's intention to seek forfeiture of Artichoke Joe's property, and it then sent a copy of the Preliminary Order, which Artichoke

---

[1] Supplemental Rules G(4)(b)(iii)-(v) provide:
**(iii) Sending Notice**
    (A)  The notice must be sent by means reasonably calculated to reach the potential claimant.
    (B)  Notice may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case.
    (C)  Notice sent to a potential claimant who is incarcerated must be sent to the place of incarceration.
    (D)  Notice to a person arrested in connection with an offense giving rise to the forfeiture who is not incarcerated when notice is sent may be sent to the address that person last gave to the agency that arrested or released the person.
    (E)  Notice to a person from whom the property was seized who is not incarcerated when notice is sent may be sent to the last address that person gave to the agency that seized the property.
**(iv) When Notice Is Sent.** Notice by the following means is sent on the date when it is placed in the mail, delivered to a commercial carrier, or sent by electronic mail.
**(v) Actual Notice.** A potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the government's failure to send the required notice.

4

Joe's counsel received.  See Young Decl. ¶ 16; Peters Decl. ¶ 4.  Because the government's actions complied with the notice requirements of Federal Rule of Criminal Procedure 32.2, the Motion to Reopen and Vacate is DENIED as to Artichoke Joe's.  But as to Mr. Fong, the government's means were inadequate: Mr. Fong did not receive a Bill of Particulars in January 2014 and the government's August 6, 2014 mailing never reached him.  See Bourdon Decl. ¶ 14.  For that reason, Mr. Fong and his counsel did not have sufficient notice of their opportunity to file a petition.  Therefore, the Motion to Reopen and Vacate is GRANTED as to Mr. Fong.

### A.     Content of Notice

Artichoke Joe's and Mr. Fong first argue that the content of the government's August 6, 2014 mailing was inadequate.  Mot. to Reopen and Vacate at 13.  Without citing authority, the parties argue that "[t]he notice required is more than service of the Preliminary Order."  Id. at 11.  This argument is without merit because the government's mailing complied with Federal Rule of Criminal Procedure 32.2(b)(6)(B).

Rule 32.2(b)(6)(B) requires notice to third parties to do three things: (1) describe the forfeited property; (2) state the time when a petition contesting the forfeiture must be filed; and (3) state the name and contact information for the government attorney to be served with the petition.  Fed. R. Crim. P. 32.2(b)(6)(B).  Artichoke Joe's and Mr. Fong argue that "the mailing neither stated the time when a petition contesting the forfeiture must be filed nor stated the name and contact information for the government attorneys to be served with the petition."  Mot. to Reopen and Vacate at 13.

The government's August 6, 2014 mailing complied with the three elements of Rule 32.2(b)(6)(B).  First, it is undisputed that the Preliminary Order adequately described the property.  See generally Mot. to Reopen and Vacate.  Second, the Preliminary Order stated that "any person . . . having or claiming a legal interest in the property must file a petition with the Court and serve a copy on government counsel within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier."  Prelim. Order of Forfeiture at 3.  Thus, Mr. Peters was notified that he had thirty days to file a petition.  Mr.

5

1 Bourdon, however, was not aware of this thirty day period because he did not receive the
2 Preliminary Order at all. Third, the government's mailing included a Certificate of Service
3 that identified David B. Countryman as the Assistant United States Attorney on the case.
4 Certf. of Service at 1; Peters Decl. at Ex. E. Mr. Countryman's address, telephone number,
5 and email address were included. Id. A reasonable attorney in receipt of this mailing would
6 know that Mr. Countryman was the government attorney to be served with the petition.

7 Therefore, the substance of the government's mailing was adequate and the motion
8 cannot be granted as to either party on the grounds that the government's mailing failed to
9 comply with the substantive requirements set forth in Rule 32.2(b)(6)(B).

### B.     Publication and Sending of Notice

Artichoke Joe's and Mr. Fong also argue that the government's means of sending notice were inadequate. Mot. to Reopen and Vacate at 12-16. Rule 32.2(b)(6)(A) requires the government, in addition to publishing notice, to send notice directly to any person who reasonably appears to be a claimant to the seized property. Fed. R. Crim. P. 32.2(b)(6)(A).[2] Once that person receives notice, he or she has thirty days from either the date of actual notice or the final publication of the preliminary order to file a petition, whichever is earlier. 21 U.S.C. § 853(n)(2). It is undisputed that the government complied with the first portion of 32.2(b)(6)(A), requiring publication of the preliminary order. See generally Mot. to Reopen and Vacate; Govt's Response (dkt. 739). It is also undisputed that both Artichoke Joe's and Mr. Fong were individuals who reasonably appeared to be claimants to a portion of the seized property. Id. The only issue in dispute is whether the government sent direct notice to Artichoke Joe's and Mr. Fong, as required by Rule 32.2.

---

[2] The criminal forfeiture statute provides a different standard: "[t]he government may also . . provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture . . . ." 21 U.S.C. § 853(n)(1) (emphasis added). Despite the criminal forfeiture statute's nonmandatory standard for direct written notice, the more stringent mandatory standard of Rule 32.2 applies here because criminal forfeiture proceedings are governed by both laws. See Lazarenko, 575 F. Supp. 2d at 1145; United States v. Davenport, 668 F.3d 1316, 1320 (8th Cir. 2012).

### 1.     Artichoke Joe's

Artichoke Joe's twice received notice of the government's intention to seek forfeiture of its property: once when Mr. Young received the Bill of Particulars, and again when Mr. Peters received the Preliminary Order on August 11, 2014.  Both of those documents stated that the government planned to seek forfeiture of Artichoke Joe's property.  See Bill of Particulars at 1 ("The United States hereby gives notice that pursuant to forfeiture statute 18 U.S.C. § 1963, as indicated in the indictment, the United States seeks forfeiture of the following property . . ."); Preliminary Order at 3 ("It is further ordered that the United States, through its appropriate agency, shall seize the forfeited subject property forthwith . . . any person, other than the defendant, having or claiming a legal interest in the property much filed a petition with the Court . . .").  Artichoke Joe's maintains that, notwithstanding these statements, it is entitled to a reopening of the order because the government failed to mention its intention to seek forfeiture of the property during Mr. Young and Mr. Wegner's discussions prior to August 2014.  See Reply (dkt. 747) at 4.  The Court is not persuaded by this argument.

Mr. Young should have realized upon reading the government's unequivocal statement in the Bill of Particulars that it intended to seek forfeiture of Artichoke Joe's property.  The outcome of the January 15, 2014 meeting further corroborated that notion. Taken together, the government's actions prior to entry of the Final Order indicate that Artichoke Joe's had actual notice of the forfeiture, and a party with actual notice of a forfeiture action cannot claim inadequate notice, even if any mailed notice was technically defective.  See Supplemental Rule G(4)(b)(v) ("A potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the government's failure to send the required notice.").  When the government later mailed the Preliminary Order, Mr. Peters did nothing because, he asserts, the government "made no attempt to offer any further explanation or context, or to contact Mr. Peters in any other way to inform him that it had decided to seek forfeiture."  Mot. to Reopen and Vacate at 15. Contrary to Mr. Peters' assertion, Rule 32.2 does not require the government to follow up on

7

its unequivocal statements to ensure that the recipient understands.  Surely it would have been preferable for the government to state its intention in its verbal dealings with Mr. Young.  But the government was not required to do so, and Mr. Young's and Mr. Peters' inaction upon receiving notice cannot be excused.

Artichoke Joe's might argue that even if the Bill of Particulars–received in January 2014–and the Preliminary Order–received in August 2014–provided notice, that notice did not give them a meaningful opportunity to contest forfeiture because the earlier of the two dates under 21 U.S.C. § 853(n)(2) was April 23, 2013–the date that the government ended its online publication of the Preliminary Order.  Section 853(n)(2) would not necessarily have been an impediment to Artichoke Joe's filing a petition.  If Artichoke Joe's had attempted to file a petition in January or August of 2014, the Court could have exercised its discretion to equitably grant an extension to allow the Artichoke Joe's claim to proceed.  But Artichoke Joe's did not make this attempt, and that inaction prevents Artichoke Joe's from reopening the order now.  Because Artichoke Joe's received notice of the government's intention to seek forfeiture twice before entry of the Final Order of Forfeiture, the government complied with Rule 32.2.  Therefore, Artichoke Joe's motion to reopen is DENIED.

### 2. Mr. Fong

Unlike Artichoke Joe's, Mr. Fong did not receive direct notice until the government sent its Application for a Final Order of Forfeiture, which Mr. Bourdon received on September 23, 2014.  Bourdon Decl. ¶ 13.  Mr. Bourdon immediately contacted the government to protest the Application for lack of notice.  Id. ¶ 16.  But by then, Mr. Bourdon could not file a petition contesting forfeiture because the Court had entered the Final Order on September 22, 2014.  Final Order of Forfeiture (dkt. 722) at 2.  The government's actions as to Mr. Fong therefore did not satisfy the direct notice requirement of Rule 32.2.

Mr. Bourdon did not receive the Bill of Particulars that the government sent to Mr. Young in January 2014.  The government maintains, to the contrary, that it sent the Bill of Particulars to Mr. Bourdon on November 1, 2012.  Wegner Decl. ¶ 2.  But the Exhibit to which Mr. Wegner refers to support this statement is a copy of the email Mr. Wegner sent to

8

Mr. Young before the January 15, 2014 meeting.  See Wegner Decl. Ex. A.  Mr. Bourdon's email address appears nowhere in this email exchange.  See id.  Mr. Bourdon also stated that the notice the government attempted to send him on August 6, 2014 "was apparently sent to the wrong address as evidenced by the Certificate of Service."  Bourdon Decl. ¶ 14.  The government parses Mr. Bourdon's words by arguing that "[this] declaration does not say he never received the preliminary order of forfeiture."  Govt's Response at 11.  The Court is unpersuaded by this argument.  In any event, Mr. Bourdon confirmed during oral argument that he did not receive the Preliminary Order.  Having offered no evidence to show that Mr. Bourdon received either the Bill of Particulars or the Preliminary Order, the government did not comply with Rule 32.2's notice requirements as to Mr. Fong.  Therefore, the Court concludes that Mr. Fong's motion to reopen and vacate is GRANTED.

## V.     CONCLUSION

Artichoke Joe's was twice notified of the government's intention to seek forfeiture of Artichoke Joe's property.  Artichoke Joe's failed to file a petition after receiving these notices.  Because the government's actions complied with Federal Rule of Criminal Procedure 32.2's notice requirements, Artichoke Joe's is not now entitled to a reopening of the order.  For that reason, Artichoke Joe's motion is DENIED.  Mr. Fong, however, received no notice of the government's intention prior to the Court's entry of the Final Order of Forfeiture.  For that reason, Mr. Fong's motion is GRANTED.

**IT IS SO ORDERED.**

Dated: November 25, 2014

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE