FILED

APR 1 3 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

AO 243 (Rev. 10/07)                                                          Page 2

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Northern District of California | |
|---|---|---|
| Name (under which you were convicted):<br>CUONG MACH BINH TIEU | | Docket or Case No.:<br>CR 11-00097CRB |
| Place of Confinement:<br>FCI-HERLONG, CA | Prisoner No.:<br>91019-111 | |
| UNITED STATES OF AMERICA<br>v.<br>CUONG MACH BINH TIEU | Movant (include name under which convicted) | |

## MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging: United States District Court For The Northern District of California, Phillip Burton United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102-3434, Mailing Address Internal Box 36060

    (b) Criminal docket or case number (if you know): No. CR 11-00097 CRB

2.  (a) Date of the judgment of conviction (if you know): _____

    (b) Date of sentencing: June 19, 2012

3.  Length of sentence: 220 months

4.  Nature of crime (all counts): Count 1, Conspiracy to conduct the affairs of a Racketeer-Influenced Corrupt Organization (18 U.S.C. § 1962(d)); Nature of crime in all counts are Racketeering and drug charges. Count 2, (18 U.S.C. §1962(c)); Count 3, and 21; (21 U.S.C. § 846); Count 4 and 22, (21 U.S.C. § 841(a)(1); Count 5, (21 U.S.C. §846); Count 6, (21 U.S.C. § 841(c)(2)); Count 7, (21 U.S.C. § 846); Count 8, (21 U.S.C. § 841(a)(1)).

5.  (a) What was your plea? (Check one)

    (1) Not guilty ☐          (2) Guilty ☒          (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to? Movant entered an open plea of guilty to all ten charges on June 19, 2012 and was sentenced to 220 months on each of Counts 1-8, 21and22, the terms to be served concurrently.

6.  If you went to trial, what kind of trial did you have? (Check one)          Jury ☐          Judge only ☐

AO 243 (Rev. 10/07)                                                                                              Page 3

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?        Yes ☐              No ☒

8.  Did you appeal from the judgment of conviction?        Yes ☒          No ☐

9.  If you did appeal, answer the following:

(a) Name of court:  United States Court of Appeals For The Ninth Circuit

(b) Docket or case number (if you know):  No. 12-01639, Dkt Entry: 42-1 ID:8951070

(c) Result:  Affirmed

(d) Date of result (if you know):  January 24,2014

(e) Citation to the case (if you know):  No. 12-10639

(f) Grounds raised:  (1) trial counsel was ineffective for failing to inform him that the government might offer a package plea deal in the future; hence fail to provide effective assistance of counsel in the plea bargaining process. (2) Attorney's Actual Conflict of interest. (3) The district court abused it's discretion and violated Tieu's Sixth Amendment, when it refused to appoint independent counsel after learning that trial counsel had an actual conflict of Intr.

(g) Did you file a petition for certiorari in the United States Supreme Court?        Yes ☐        No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know):  N/A

(2) Result:  N/A

(3) Date of result (if you know):  N/A

(4) Citation to the case (if you know):  N/A

(5) Grounds raised:  N/A

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes ☐    No ☒

11.  If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:  N/A

(2) Docket or case number (if you know):  N/A

(3) Date of filing (if you know):  N/A

(4)   Nature of the proceeding:          **N/A**

(5)   Grounds raised:     **N/A**

_____

_____

_____

_____

_____

_____

_____

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

 Yes ☐          No ☐

(7)   Result:     **N/A**

(8)   Date of result (if you know):     **N/A**

(b)  If you filed any second motion, petition, or application, give the same information:

(1)   Name of court:     **N/A**

(2)   Docket of case number (if you know):      **N/A**

(3)   Date of filing (if you know):     **N/A**

(4)   Nature of the proceeding:        **N/A**

(5)   Grounds raised:     **N/A**

_____

_____

_____

_____

_____

_____

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

 Yes ☐          No ☐

(7)   Result:  **N/A**

(8)   Date of result (if you know):     **N/A**

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)   First petition:          Yes ☐          No ☐

(2)   Second petition:       Yes ☐          No ☐

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____

_____

_____

AO 243 (Rev. 10/07)                                                                                    Page 5

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u>
supporting each ground.

**GROUND ONE:**   Sixth Amendment violation of ineffective assistance of counsel

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Defense counsel's failure to warn Tieu that his individual plea

offers could be replaced with a package deal violated Tieu's Sixth

Amendment Right to counsel in plea negotiations.  See Attached

Supportive Memorandum.

(b)  **Direct Appeal of Ground One:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒          No ☐

(2)  If you did not raise this issue in your direct appeal, explain why:   N/A

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐          No ☒

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:   N/A

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):  N/A

Date of the court's decision:   N/A

Result (attach a copy of the court's opinion or order, if available):   N/A

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐          No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ___N/A_____

Docket or case number (if you know): N/A_____

Date of the court's decision:        N/A_____

Result (attach a copy of the court's opinion or order, if available): N/A_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue: N/A_____

_____

_____

_____

**GROUND TWO:** ___N/A_____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐        No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:   N/A

(c)  **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐        No ☐

    (2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:            N/A

Name and location of the court where the motion or petition was filed:      N/A

Docket or case number (if you know):      N/A

Date of the court's decision:      N/A

Result (attach a copy of the court's opinion or order, if available):      N/A

    (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐        No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐        No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐        No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   N/A

Docket or case number (if you know):      N/A

Date of the court's decision:   N/A

Result (attach a copy of the court's opinion or order, if available):   N/A

    (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:      N/A

AO 243 (Rev. 10/07)                                                                                          Page 8

**GROUND THREE:**      N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Three:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐            No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

N/A

(c) **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐         No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:        N/A

Name and location of the court where the motion or petition was filed:     N/A

Docket or case number (if you know):      N/A

Date of the court's decision:   N/A

Result (attach a copy of the court's opinion or order, if available):    N/A

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐          No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐          No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐          No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   N/A

Docket or case number (if you know):   N/A

Date of the court's decision:   N/A

Result (attach a copy of the court's opinion or order, if available):   N/A

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise issue:   N/A

**GROUND FOUR:**   N/A

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)   **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐          No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

N/A

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐          No ☐

AO 243 (Rev. 10/07)

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____ N/A _____

Name and location of the court where the motion or petition was filed: _____ N/A _____
_____

Docket or case number (if you know): _____ N/A _____
Date of the court's decision: N/A _____

Result (attach a copy of the court's opinion or order, if available): N/A _____
_____
_____

(3).  Did you receive a hearing on your motion, petition, or application?

Yes ☐          No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐          No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐          No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ N/A _____
_____

Docket or case number (if you know): _____ N/A _____

Date of the court's decision: N/A _____

Result (attach a copy of the court's opinion or order, if available): N/A _____
_____
_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise

issue: _____ N/A _____
_____
_____
_____
_____

13.   Is there any ground in this motion that you have not previously presented in some federal court? If so, which
      ground or grounds have not been presented, and state your reasons for not presenting them:

_____ N/A _____
_____
_____
_____
_____
_____
_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the
    you are challenging?         Yes ☐         No ☐

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the
    issues raised.    N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the
    you are challenging:

    (a) At the preliminary hearing: Richard B Mazer, 99 Divsadero Street, San Francisco
        California 94117

    (b) At the arraignment and plea:              "    same    "

    (c) At the trial:    N/A

    (d) At sentencing:
                                      "same"

    (e) On appeal: Pougiales Law Offices, 448 Ignacio Boulevard # 191, Novato,
        CA 94949

    (f) In any post-conviction proceeding:    N/A

    (g) On appeal from any ruling against you in a post-conviction proceeding:    N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court
    and at the same time?         Yes ☒         No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are
    challenging?         Yes ☐         No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
            N/A

    (b) Give the date the other sentence was imposed:    N/A
    (c) Give the length of the other sentence:    N/A
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or
    sentence to be served in the future?         Yes ☐         No ☐

AO 243 (Rev. 10/07)                                                                          Page 12

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain
why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Clay v United States, 537 U.S. 522,532. The Court found

"we hold that, for federal criminal defendants who do not file a

petition for certiorari with this Court on direct review, § 2255's

one year limitation period starts to run when the time for seeking

such review expires".

"MOTION IS TIMELY"

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255,
paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section. The limitation period shall run
from the latest of –
   (1)  the date on which the judgment of conviction became final;
   (2)  the date on which the impediment to making a motion created by governmental action in violation of
the Constitution or laws of the United States is removed, if the movant was prevented from making such
a motion by such governmental action;
   (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has
been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral
review; or
   (4)  the date on which the facts supporting the claim or claims presented could have been discovered
through the exercise of due diligence.

AO 243 (Rev. 10/07)                                                                                                    Page 13

Therefore, movant asks that the Court grant the following relief:  to be put back in the position

      for the first offer.

or any other relief to which movant may be entitled.


                                                    Pro-se
                                         Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion
under 28 U.S.C. § 2255 was placed in the prison mailing system on     APRIL - 8 - 2015

                                                                    (month, date, year)


Executed (signed) on _____ April - 8 - 2015
                                                        (date)


                                                    _____
                                                    Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Cuong Mach Binh Tieu
FCI Herlong
Federal Correction Institution
P.O. Box 800
Herlong, California 96113
In Propria Persona

## UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | )     Case No. CR-11-00097CRB |
|     Plaintiff, | ) |
| | ) DEFENDANT TIEU'S MEMORANDUM IN |
| vs | ) SUPPORT OF GROUND ONE:SIXTH |
| | ) AMENDMENT VIOLATION OF INEFFE- |
| Cuong Mach Binh Tieu, | ) CTIVE ASSISTANCE OF COUNSEL, |
| | ) AS IS HEREBY APPENDED TO TIEU'S |
|     Defendant. | ) MOTION TO VACATE THE CONVICTION |
| | ) AND SENTENCE UNDER SECTION 2255 |
| | ) TITLE 28 USC |
| | ) |

COMES NOW Cuong Mach Binh Tieu, by and through his own hand and hereby submits this MEMORANDUM REGARDING GROUND ONE: SIXTH AMMENDMENT VIOLATION OF INEFFECTIVE ASSISTANCE OF COUNSEL, IN SUPPORT OF MOTION TO VACATED CONVICTION AND SENCTENCE UNDER 28 U.S.C. § 2255.

For the reasons set forth below in this Memorandum In Support of Defendant Tieu's Motion to Vacate the Conviction and Sentence under 28 U.S.C § 2255 the conviction and judgment must be vacated and the indictment dismissed.

## GROUND ONE: SIXTH AMENDMENT VIOLATION

Nunes v. Mueller, 350 F.3d 1045, 1051, 1053 (9th Cir. 2003); cert. denied, 543 U.S. 1038 (2004). Claims for ineffective assistance of counsel are reviewed de novo. United States v. Nikerson, 556 F.3d

When advising a client whether or not to plead, an attorney has a duty to advise the defendant of the available options and possible consequences. Failure to do so constitutes ineffective assistance of counsel. United States v Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) citing with approval Beckham v. Wainwright, 639 F.2d 262, 267 (5th Cir. 1981). "In today's criminal justice system... the negotiation of a plea bargain, rather than the unfolding of a trial, is almost always the critical point for a defendant." Missouri v. Frye, 132 U.S. 1399, 1407 (2012).

> "Ninty-Seven percent of federal convictions and
> Ninty-Four percent of state convictions are the
> result of guilty pleas... The reality is that
> plea bargains have become so central to the ad-
> ministration of the criminal justice system that
> defense consel have responsibilities in the plea
> bargain process, responsibilities that must be
> met to render the adequate assistance of counsel
> that the Sixth Amendment requires in the criminal
> process at critical stages... 'It is not adjunct
> to the criminal justice system; it is the criminal
> justice system." .Id (citation omitted)(emphasis in
> original).

Certainly this was the critcal stage for Tieu; because from the time he began to consult with his appointed trial counsel he wanted just one result: to reach a plea agreement with the government.

The two-part test of Strickland v. Washington, 466 U.S. 668 (1984), applies to claims ineffective assistance that lead a defendant to reject a plea offer: first, the defendant must show that his Attorney's representation fell below an objective standard of reasonable probability that:

- There are no intervening circumstance that would cause the
  prosecution to withdraw the offer

- The Court would have accepted its terms, and

- The end result would have been more favorable by reason of a
  plea to a lesser charge or a sentence of less prison time,
  Frye, Supra 132 S.CT. at p.1409

## STRICKLAND'S PERFROMANCE PRONG WAS MET IN TIEU'S SWORN DECLARATION:

"Prior to the last offer made by the government, I had not heard
of package plea agreements involving multiple defendants. I thought I
would be able to continue to negotiate with the government as an ind-
ividual and not be restricted by a co-defendant's decision to go to
trial. To me, the ideal of package plea agreements is very unfair and
coercive."

"During the ealier plea negotiations, Mr Mazer did discuss some of the
rules of plea bargaining, but he never told me about the government
possibly packaging plea offers of different defendants together. I was
surprised to learn of this type of plea offer when the government's
last 'package' offer was presented to me in 2012."

Defense Counsel agreed: "Mr. Tieu had no idea that his fate could be
tied to the decision of another defendant in some type of joint plea
agreement. If he had known of such a possibility, Mr.Tieu would have
taken the best individual defendant offer he could obtain." Tieu's
mistaken "belief that future negotiations would continue on an
individual basis" was a direct result of his was a direct result

of his counsel's failure to advise him that the Government could - and likely would - end up offering him a package deal instead. A competent lawyer could certainly - and fairly - be expected to anticipate this likely result because (1) it was the Government's best tool to avoid trial in this multi-defendant case, and (2) the common use of package deals figures prominently in a large body of case law.

The Ninth Circuit authority alone includes many opinions, both published and unpublished, that recognize the prevalent use of this tool over the past several decades. See United States v.Forrester 616 F.3d 929, 938; (9th Cir. 2010); Jaramillo v. Stewart, 340 F.3d 877; (9th Cir. 2003); United States v Nagra, 147 F.3d 875 (9th Cir. 1998); United States v. Castello, 724 F.2d 813 (9th Cir. 1984) cert. denied 467 U.S. 1254 (1984).

At least two decades ago  The Court noted both the prevalence and the likely detrimental effect of package deals on defendants. "in multiple - defendant cases, the government sometimes negotiates a 'package deal' agreement, under which each defendant must agree to the deal before any will be allowed to partake of it... Under such agreements, several confederates plead together and the government gives them a volume discount - a better deal than each could have gotten separately. Consistent with the package nature of the agreement defendant's fates are often bound together: If one defendant backs out, the deal's off for everybody." United States v. Caro 997 F.2d 657, 658 (9th Cir. 1993).

The Court also clearly perceived the extra burden a package plea places on a defendant by "tying defendants' plea decisions together '[which] skew[s] the assesment of risks a defendant must consider'" Caro, supra at p. 659, quoting Bordenkircher v. Hayes 434 U.S.357,364 n.8, (1978).

As for Strickland's prejudice requirement, Tieu met the first element in his declaration and in his choice to plead guilty with no sentencing commitment:

> "If I knew earlier that I could lose the ability
> to plea bargain with the government as an indi-
> vidual, and could be restricted and lose the
> ability to plea bargain because of choices of
> another defendant beyond my control, I would
> have accepted the first offer made to me back in
> September, 2011.

His statement is both credible and rational. Combined with the fact that Tieu did plead open to all the charges against him with no sentencing commitment from the prosecutor of the court, that is enough - as a matter of law - to establish that it was reasonably probable that he would have accepted the prosecutor's plea offer if he had been fully informed by his counsel. Frye, supra, 132 U.S. at p. 1411.

As for the second element of perjudice, the prosecution would surely have accepted the plea. Nothing in the record even suggest any intervening circumstances that would have caused them to withdraw the offer before it lapsed. The Government must have considered the terms reasonable and acceptable or they would not have extended the offer in the first place.

Third, there was a reasonable probability that the district court would have accepted its terms. The District court confirmed as much

when it explained why it had accepted the Government's plea agree-
ment with codefendant Chang despite, after hearing the Government's
opening statement at trial, the court believed that a sentence "far
in excess" of the Government's recommendation was called for:

> "I think it was reasonable, because I don't know
> all the details of how the government would prove
> it's case, and I knew that the government had been
> involved in an extensive investigation in the case
> and therefore they believed that 144 months was a
> reasonable sentence, and I accepted that."

Nothing in the record suggests that the court had any reason
to alter it's approach if presented with a plea agreement that satis-
fied the Government as to Tieu.


As to the Fourth and final condition of prejudice, the end result
certainly would have been better for Tieu. It is an undeniable fact
that Chang's rejection of the package plea offer left Tieu with a
Hobson's choice: go to trial, or plead open to the charges against him
with no sentencing commitment. Any plea agreement would have put him
in a better position than this. That Tieu would have accepted the
Government's original individual offer - had he known the adverse
consequences of rejecting it - could only mean that it was more benifi-
cial to him than the end result of 220 months in prison and Ten felony
RICO and drug trafficking convictions. As the Supreme Court has stated:
"[A]ny amount of [additional] jail time has Sixth Amendment signific-
ance." Glover v. United States, 531 U.S. 198, 203 (2001).

In sum, it was entirely due to his attorney's failure to alert
Tieu to the probability that his individual offer could be replaced at

any time with a package plea offer that Tieu found himself faced with such limited and damaging options. If, in fact, his counsel was not aware of that likely turn of events, he was ineffective on that basis.

The Sixth Amendment guarantees the accused the "right to effective assistance of counsel." United States v. Cronic, 466 U.S. 475, 489 (1978)(citing Chapman v. California, 386 U.S.18, 23 (1967)). Moreover, The Court has held when a defendant is deprived of the presence and assistance of his attorney, either throughout the prosecution or during a critical stage, reversal is automatic, The Court have also held that when counsel sleeps through a substantial portion of a trial, his client has been deprived of effective legal assistance, resulting in inherent prejudice. Tieu would argue counsel's failer to properly advise him throughout the plea negotioation was the equivalent of counsel sleeping through trial, as counsel walked through the negotiations with his eye's wide shut.

If he was aware - the only reasonable conclusion given this Circuit's extensive case law over several decades related to package deals - then his failure to warn Tieu caused his representation to fall below the standard of constitutionally adequate representation, depriving Tieu of critical information he needed to decide whether or not to accept the Government's first plea offer, and leaving him in the worst possible position vis a vis his conviction and sentencing. Whatever lay behind defense counsel's failure, it obviously constituted ineffective assistance in the plea bargaining process.

The fairest remedy is well established : to place Tieu back in the position he would have been in if the Sixth Amendment violation had never occured; in other words, to order the Government to reoffer the

original, individual plea agreement. Lafler, supra 132 S.Ct. at p. 1391; Johnson v. Uribe, 682 F.3d 1238, 1246 (9th Cir. 2012); Blaylock, 20 F.3d 1458.

In United States v. Wilson, 719 F. Supp. 2d 1260 (9th Cir.); which does not differ much from Tieu, The prisoner's motion to vacate, set aside, or correct the sentence was granted.

The Court found, "A defendant has a constitutional right to effective assistance of counsel during plea negotiations. The failure to properly advise a defendant of available options, and possible consequences relevant to plea negotioations can constitute ineffective assistance of counsel."

A prisoner may seek relief under 28 U.S.C. § 2255, based on a denial of his or her Sixth Amendment Right to effective assitance of counsel. Strickland v. Washington, 466 U.S.668,686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Also in Wilson, supra, A "critical stage" is any "trial-like confrontation, in which potential substantial prejudice to defendant's rights inheres and in which counsel may help avoid that prejudice." United States v. Leonti, 326 F.3d 1111, 1117 (9th Cir. 2003). It includes all circumstances in which "certain rights might be sacrificed or lost," or where "[A]vailable defenses may be irretrievably lost." Wade, 388 U.S. at 225. The essence of a critical stage is "not its formal resemblance to a trial but the adversary nature of the proceeding, combined with the possibility that a defendant will be prejudiced in some significant way by the absence of counsel." Leonti, 326 F.3d at 1117. In determining whether the right to counsel applies, "the test utilized by the Court has

called for examination of the event in order to determine whether the
accused required aid in copin with legal problems or assistance in
meeting his adversary." It is obvious from the record and the outcome
Tieu, required aid in coping with his legal problems, had he been advi-
sed that his individual plea offers could be replaced with a package
deal, he would have taken the individual offer right away. Ash,413 U.S.
at 313. Courts look to whether the prosecution "has commited itself to
prosecute," and whether the "adverse positions of the government and
defendant have solidified," such that the accused "finds himself faced
with the prosecutorial forces of organized society, and immersed in the
intricacies of substantive and procedural criminal law." Kirby v Illinois
406 U.S. 682, 92 S. Ct. 1877, 32 L.Ed. 2d 411 (1972). The adversarial
nature of Tieu's individual plea negotiation, combined with the possib-
ility that his right to trial might be sacrificed or lost, or put in a
package deal, makes clear that it was a critical stage of the criminal
process. (A defendant is entitled to effective assistance of counsel at
"all critical stages of criminal prosecution, which must include the
plea bargaining process"); United States v. Fuller, 941 F.2d 993, 995
(9th Cir. 1991);("[A] defendant has the right to assistance of counsel
in deciding whether or not to plead guilty."); United States v. Day,969
F.2d 39, 43 (3d. Cir 1992)("[T]he plea bargaining stage was a critical
stage at which the right to effective assistance of counsel attaches...
."); United States ex rel. Caruso v. Zelinskiy, 689 F.2d 435, 438 (3d
Cir. 1982)("[T]he decision to reject a plea bargain offer and plead not
guilty is also a vitally important decision and a critical stage at which
the right to effective assistance of counsel attaches.")

Wilson, 719 F. Supp. 2d at 1269, "A defendant has a constitutional right to effective assistance of counsel during plea negotiations. Hill v. Lockhart, 474 U.S.52, 58-59, 106 S.Ct. 366, 88 L.Ed. 2d 203 (1985). The failure to properly advise a defendant of available options, and possible consequences relevant to plea negotioations can constitute ineffective assistance of counsel. Blaylock, 20 F.3d at 1465. An attorney's performance is deemed deficient when he or she provides advice that is "so incorrect and so insufficient that it undermined [the defendant's] ability to make an intelligent decision about whether to accept the [plea] offer." Turner v. Calderon, 281 F.3d 851, 880 (9th Cir. 2002). "Where the issue is whether to advise the client to plead or not 'the attorney has the duty to advise the defendant of the available options and possible consequences' and the failure to do so constitutes ineffective assistance of counsel." Blaylock, 20 F.3d at 1465; See also Day, 969 F.2d at 43 (information regarding the difference between the sentence exposure under a proposed plea agreement and the sentence exposure if the plea is rejected is "crucial to the decision whether to plead guilty."); Boria v. Keane, 99 F.3d 492, 498 (2d Cir. 1996);("When a lawyer fails to give a client plea advice, that lawyer does not make a stratigic decision."). See also Riggs v Fairman, 399 F.3d 1179 (9th Cir. 2004).

**Prejudice:**

Petitioner must demonstate he was prejudiced by trial counsel's deficient perfromance. Prejudice results if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

"A reasonable probability is a probabilty sufficient to undermine con-
fidence in the outcome." Id. at 694. In the context of plea negotiations,
the inquiry is whether there is a "reasonable probability" that "but
for counsel's bad advice the outcome of plea bargaining would have been
different." Perez v. Rosario, 459 F.3d at 1054 (Where trial counsel gave
petitiner "wrong information and advice" about the plea offer petitioner
"needed only to demonstate that he had sufficient evidence for a reas-
onable fact finder to conclude with 'reasonable probability" that the
result would be different. Day, 969 F.2d at 45 n.8.

Wilson, at 1273, ("If I had know that I could get 20 years, I would
have taken the first offer of 70 months.")

Tieu, "If I knew earlier that I could lose the ability to plea barg-
ain with the government as an individual..., I would have accepted the
first offer made to me back in September, 2011."

The Court found in Wilson, just as this Court should find in Tieu,
the "remedy for counsel's ineffective assistance should put the defendant
back in the position he would have been in if the Sixth Amendment viola-
tion had not occurred." at 1275. And that "Sixth Amendment mandates that
the government bear the risk of constitutinally deficient assistance of
counsel. Kimmelman v. Morrison, 477 U.S.365,378, 106 S.Ct.2574, 91 L.Ed.
2d 305 (1986) at 1276."

Here Defense Counsel failed to provide Mr. Tieu with any advice
regarding the type of plea Tieu should entertain or a meaningful compa-

rison between the outcomes of a conviction by seperate plea or linking
plea with co-defendant.

Standard 4-5.2 of the Americain Bar Association Standards for
Criminal Justice identifies decisions that defendants are entitled to
make, after consultation with their attorney's. They include:

1. What plea to enter
2. Whether to accept a plea bargain
3. Whether to waive (give up) a jury trial
4. Whether to personally testify at trial, and
5. Whether to appeal.

Decisions about these matters are entrusted to clients not only be-
cause the matters are improtant, but also because lawyers normally have
time to consult with their clients before the decisions are made.
"Consultation" is the key term.


Movant § 2255 petition is filed timely. A § 2255 petition must be filed
within:

(1) A year and ten days from the entry of sentencing court's judg-
ment, if no appeal is taken;

(2) A year and Ninty days from the denial of your appeal, if cert-
iorari is not sought (the time limit runs from the date of the Court of
Appeals opinion, not from the issuance of it's mandate)..


28 U.S.C § 2255 states that: "unless the motion and the files and
records of the case conclusively show that the prisoner is entittled to
no relief, the court shall cause notice therof to be served upon the
United States Attorney, grant a prompt hearing theron, determine the
issues and make findings of fact and conclusions of law with respect
thereto (emphasis added).

A district court, however, must grant an evidentiary hearing if the petitioner "Alleges facts that, if proven, would entitle him to relief."

Wherefore the petitioner prays that this Honorable COurt will grant the herein writ, and order the petitioner to be placed back in the position he would have been in if the Sixth Amendment violation had not occurred, or in the altenative conduct an evidentiary hear ing.

RESPECTFULLY SUBMITTED

*[signature]*

April - 8 - 2015

# UNITED STATES DISTRICT COURT
<u>NORTHERN</u> DISTRICT OF <u>CALIFORNIA</u>

<u>CUONG MACH BINH TIEU</u>
**Petitioner,**

V.

<u>UNITED STATES OF AMERICA,</u>
**Respondents.**

Case No. <u>CR-11-00097CRB</u>
[Leave blank for court to fill in]

**APPLICATION TO PROCEED IN FORMA PAUPERIS, SUPPORTING DOCUMIMTATION AND ORDER**

I, <u>CUONG MACH BINH TIEU</u>, declare that I am the **(check appropriate box)**

☒ Petitioner/Plaintiff     ☒ Movant (filing 28 U.S.C.§ motion )
☐ Respondent/Defendant     ☐ _____

In the above-entitled proceeding: that, in support of my request to proceed without being required to prepay fees, cost or give security therefore, I state that because of my poverty, I am unable to pay the costs of said proceeding or give security therefore; that I believe I am entitled to relief. The nature of my action, defense, or other proceeding or the issues I intend to present on appeal are briefly stated as follows: MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

In further support of this application, I answer the following questions.

1. Are you presently employed?                      ☐ Yes ☒ No
   a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer. (list both gross and net salary).

   b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.   "INCARCERATED"

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession, or other form of self employment?   ☐ Yes ☒ No

   b. Rent payments, interest or dividends?   ☐ Yes ☒ No

   c. Pensions, annuities or life insurance payments?   ☐ Yes ☒ No

   d. Gifts or inheritances?   ☐ Yes ☒ No

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

3. Do you own any cash, or do you have money in checking and savings accounts? (Include any funds in prison accounts). If the answer is "yes", state the total value of the items owned. ☐ Yes ☐ No

4. Do you own or have any interest in any real estate, stocks, bonds, notes, automobiles or other valuable property (excluding ordinary household furnishing and clothing)?   ☐ Yes ☒ No

If the answer is "yes", describe the property and state approximate value.

5. List the persons who are dependent upon your support, state your relation ship to those persons, and indicate how much you contribute toward their support.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on _April · 8 - 2015_____          _____
                    (Date)                                    (Signature of Applicant)

---

## CERTIFICATE
### (Prisoner Accounts Only)

I certify that the applicant named herein has the sum of $ __751 .26__ on his account to his credit at the __FCI HERlong__ Institution where he is currently confined. I further certify that the applicant likewise has the following securities to his credit according to the records of said institution __FCI HERlong__

I further certify that during the last six months the applicant's balance was $ __3472. 00__

_____          __4/7/15__
Signature                   Date

Institution __Thos / P Finch__   __CSu__
Signature / Printed Name   Title

                                     Authorized Officer of

---

## ORDER OF COURT

Authorized by Act of July 7, 1955, as amended to administer application is hereby denied. (004)

therefor.

_____          _____
United States Judge or U.S. Magistrate Judge   Date

The application is hereby granted. Let the Applicant proceed without prepayment of cost Or fees or the necessity of giving security

_____          _____
United States Judge or U.S. Magistrate Judge   Date

EXHIBIT

RICHARD B. MAZER, SBN 49632
Law Offices of Richard B. Mazer
99 Divisadero Street
San Francisco, California 94117
Telephone: (415) 621-4100
Facsimile: (415) 621-4111

Attorney for Defendant
CUONG MACH BINH TIEU

RECEIVED

APR 23 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11-00097 CRB |
| Plaintiff, | EX PARTE APPLICATION FOR APPOINTMENT OF INDEPENDENT COUNSEL FOR DEFENDANT |
| vs. | |
| CUONG MACH BINH TIEU, | (FILED UNDER SEAL) |
| **Defendant.** | |

Richard B. Mazer, counsel for defendant Cuong Mach Bien Tieu, respectfully submits this ex parte application for appointment of an attorney for defendant Tieu for the limited purpose of reviewing a potential claim of ineffective assistance of undersigned counsel in conjunction with a motion for specific performance of a previous plea offer for this defendant in this case made by counsel for the government in 2011.

In support of this request, counsel is submitting as an exhibit the signed declaration of defendant Tieu regarding his understanding of plea negotiations in

Ex Parte Motion For Appointment of Counsel          1

1  this case.  The defendant's declaration raises potential issues of ineffective
2  assistance of counsel, especially in light of the recent Supreme Court cases of
3  *Missouri v. Frye*, ___ U.S. ___, 2012 WL 932020 (March 21, 2012) and the
4  companion case of *Lafler v. Cooper*, ___ U.S. ___, 2012 WL 93219 (March 21,
5  2012).  In those cases, the Court made it clear that plea bargaining is a critical
6  stage of the criminal justice system to which the defendant's  Sixth Amendment
7  protections of effective assistance of counsel apply.  The Court held that plea
8  offers must be conveyed by defense counsel to their clients, and that counsel's
9  advice to the client surrounding the plea offer, such as the prospects of success at
10  trial, must be competent advice.
11       In this circumstance, defendant Tieu was trying to reach a plea bargain in
12  2011.  As set forth in the attached declaration, he rejected the government's first
13  offers, and made counter-offers to the government, in the belief that future
14  negotiations would continue on an individual basis.  Mr. Tieu had no idea that his
15  fate could be tied to the decision of another defendant in some type of joint plea
16  agreement.  If he had known of such a possibility, Mr. Tieu would have taken the
17  best individual defendant offer he could obtain.  Mr. Tieu would like to be allowed
18  to reconsider the government's previous offer made to him and seek specific
19  performance of that previous plea offer.
20       Undersigned counsel is in the very awkward position of having to advise his
21  client regarding the merits of a claim of ineffective assistance of counsel, and
22  certainly cannot argue or present a claim or motion based upon counsel's own
23  alleged deficient performance.  Counsel believes it is therefore imperative that
24  another independent counsel be appointed, pursuant to the Criminal Justice Act,
25  18 U.S.C. § 3006A (CJA), to meet with Mr. Tieu and advise him as to whether a
26  motion for specific performance of a previous plea offer is possible or meritorious
27  under these circumstances.  Trial in this case is set to begin on June 4th, so it is
28

Ex Parte Motion For Appointment of Counsel        2

1   important that any issues regarding defendant's counsel be resolved as soon as

2   possible.

3        Counsel therefore requests the Court to grant this application and order the

4   appointment of a CJA counsel for the limited purpose of advising him as to how to

5   proceed in regard to a claim of a possible deficient performance by undersigned

6   counsel substantially affecting the defendant's constitutional rights.

7

8   Dated: April 20, 2012                    Respectfully Submitted,

9

10                                            /s/RICHARD B. MAZER

11                                            Attorney for Defendant

12                                            CUONG MACH BINH TIEU

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ex Parte Motion For Appointment of Counsel              3

AO 243 (Rev. 10/07)                                                                                    Page 1

**Motion to Vacate, Set Aside, or Correct a Sentence
By a Person in Federal Custody**

**(Motion Under 28 U.S.C. § 2255)**

**Instructions**

1.    To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2.    You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3.    Make sure the form is typed or neatly written.

4.    You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.    Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.    If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7.    In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8.    When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

Clerk, United States District Court for

9.    **CAUTION:** You must include in this motion <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

10.   **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.