IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>CUONG MACH BINH TIEU,<br><br>Defendant/Petitioner. | No. CR 11-97 CRB<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Petitioner Cuong Mach Binh Tieu has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. See Motion (dkt. 767). He argues that both trial counsel and appellate counsel rendered ineffective assistance of counsel. See Traverse (dkt. 783).[1] Tieu argues that (1) trial counsel was ineffective during plea negotiations, his change of plea hearing, and at sentencing; and (2) appellate counsel was ineffective by failing to brief merit-worthy issues on appeal. See Traverse. For the reasons set forth below, the motion is DENIED.

## I. STATEMENT OF THE CASE

On June 19, 2012, Tieu pled guilty without a plea agreement to ten counts of racketeering and drug trafficking. See Change of Plea (dkt. 379-1). On December 5, 2012,

---

[1] Tieu's petition raised only issues with his trial counsel. See generally Motion. Tieu raised issues with his appellate counsel for the first time in his traverse. See generally Traverse. It is well established that a traverse is not the proper pleading to raise additional grounds for relief. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994). The Ninth Circuit has held, however, that "pro se petitioners are to be afforded the 'benefit of the doubt,'" Brown v. Roe, 279 F.3d 742, 746 (9th Cir. 2002), and a district court has discretion to consider claims raised for the first time in a traverse, see Jackson v. Roe, 425 F.3d 654 (9th Cir. 2005) (considering claims raised by petitioner in traverse). In exercising its discretion, the Court will consider the claims raised in Tieu's traverse.

this Court sentenced Tieu to 220 months on those counts.  See Sentencing (dkt. 557).  Tieu appealed his convictions to the Ninth Circuit, alleging that: (1) trial counsel was ineffective for failing to inform him that the government might offer a package plea deal; (2) trial counsel had an actual conflict of interest because counsel could not move for specific performance of a lapsed plea offer without conceding his ineffectiveness; and (3) the district court abused its discretion by declining to appoint independent counsel to advise Tieu about the availability of a motion for specific performance of a lapsed plea offer.  See United States v. Cuong Mach Bing Tieu, 553 F. App'x 694, 695 (9th Cir. 2014); Appeal (dkt. 689) at 2.  The Ninth Circuit rejected these arguments and affirmed Tieu's convictions.  553 F. App'x at 695–96.

Tieu now moves to vacate his sentence pursuant to 28 U.S.C. § 2255, raising claims of ineffective assistance ("IAC claims") against both trial counsel and appellate counsel.  See Motion; Traverse at 8–20, 32–34.

## II. ALLEGED ERRORS

### A. Plea Negotiations

#### 1. Tieu's account

Tieu alleges that his trial counsel, Richard B. Mazer, erred during plea negotiations as follows:

> In discussing the government's offer, Tieu does not recall Mr. Mazer advising him that this first offer was time sensitive.  In fact, it was counsel's advice that in view the [sic] government's first offer was for 14 years in all liklihood [sic] a counter offer should be made.  Tieu agreed and a ten year counter offer was set on the table.
>
> As Tieu's Declaration, at paragraph two[,] indicates, he and counsel reviewed the charges, a summary of the government's evidence, possible penalties, and risk of conviction.  Tieu, as has been set forth more than once in this traverse, knew he could not win if he went to trial.  Tieu admits it was his intent from day one to get the best deal he could in exchange for his guilty plea.
>
> [. . .]
>
> What is not true is [Tieu] rejected out of hand the government's first offer and its second renewed offer.  More to the point this excerpt aptly reflects counsel's attitude toward the negotiations and his handling of same—but for his ineptness at the plea bargaining table, Tieu would have accepted the 14 year deal—Tieu forfeited that offer when counsel allowed the time it was open to expire, and the same is true with respect to the "renewed" offer that sat on the

2

> table for over four months before the government supplanted it with the multi-defendant offer. The failure of Tieu to timely accept the offer(s) can only be assigned to counsel's ineptness; indifferent attitude [sic].

Traverse at 17–19.

### 2. Mazer's account

Mazer was appointed as Tieu's trial counsel in March 2011, and the government first initiated plea negotiations with Mazer in September 2011. See Mazer Decl. (dkt. 285) ¶¶ 1–2. Mazer summarizes the plea negotiations as follows:

> At a meeting with a prosecutor on September 26, 2011, a specific offer was made orally to me. This initial offer was not conditioned on any other defendant accepting a plea agreement.
>
> I conveyed this offer to Mr. Tieu, which led to further discussions and negotiations with the prosecutors, which continued through November 2011, until the expiration of the offer on November 7, 2011.
>
> On November 29, 2011, I attempted to renew plea negotiations, and further discussions with the prosecutor began again. The original offer was renewed, which was again a plea offer individual to Mr. Tieu.
>
> On February 23, 2012 another plea offer was extended by the government, with the additional condition that codefendant Skyler Chang also accept a plea agreement. This was the first time that the codefendant's joint agreement was made a condition of a plea agreement for Mr. Tieu. A deadline for the plea agreement was on March 9, 2012.
>
> On March 8, 2012, I became aware that Skyler Chang rejected his plea offer. The government then withdraw its offer to Mr. Tieu.

Mazer Decl. ¶¶ 3–7.

### B. Sentencing

The presentence report concluded that Tieu's offense level was 41, his criminal history category was four, and the United States Sentencing Guidelines ("Guidelines") range was a term of 360 months to life in prison. See Transcript (dkt. 649) at 2. Trial counsel objected to the presentence report, arguing that Tieu's correct offense level was 37 and an appropriate sentence was 168 months in prison, to be followed by a five year term of supervised release. See Tieu Sent. Memo. (dkt. 549) at 2, 7. Trial counsel argued that a sentence of 168 months was justified for three reasons: (1) it was comparable to that imposed upon similarly situated defendants; (2) it recognized the limited role Tieu played in the charged offenses; and (3) it took into account Tieu's difficult childhood and refugee

3

1 experience. Id. at 2, 12. Trial counsel also filed a declaration by Tieu's cousin, Samantha
2 Tieu, detailing Tieu's sacrifice for his family and the emotional and psychological harms
3 Tieu faced as a refugee. See Exhibit (dkt. 549-1). Additionally, trial counsel submitted
4 background information regarding Bidong Island, the site of one of Tieu's refugee camps,
5 where living conditions were dire. See id. At Tieu's sentencing hearing, trial counsel
6 discussed at length many of these mitigating factors. See Transcript.

7 The Court held that the appropriate adjusted offense level for Tieu was 37, not 41.
8 See id. at 3. This reduced Tieu's Guidelines range from a prison term of 360 months to life
9 to a prison term of 292 months to 365 months. See id. The Court ultimately imposed a
10 sentence reflecting some downward variance from the new Guidelines range—a sentence of
11 220 months in prison, to be followed by a five year term of supervised release. See id. at
12 28–29.

## III. LEGAL STANDARDS

### A. Strickland v. Washington

"The due process clause of the fourteenth amendment guarantees a criminal defendant the right to the effective assistance of counsel on his first appeal as of right." Moormann v. Ryan, 628 F.3d 1102, 1106 (9th Cir. 2010) (quoting Miller v. Keeney, 882 F.2d 1428, 1431 (9th Cir. 1989) (citing Evitts v. Lucey, 469 U.S. 387 (1985)). Claims of ineffective assistance of appellate counsel are reviewed according to the framework set out in Strickland v. Washington, 466 U.S. 668 (1984). Id.; see also Smith v. Robbins, 528 U.S. 259, 285 (2000); Pizzuto v. Arave, 280 F.3d 949, 969 (9th Cir. 2002). First, the petitioner must show that counsel's performance was objectively unreasonable, which in the appellate context requires the petitioner to demonstrate that counsel acted unreasonably in failing to discover and brief a merit-worthy issue. Smith, 528 U.S. at 285; Moormann, 628 F.3d at 1106. Second, the petitioner must show prejudice, which in the appellate context means that the petitioner must demonstrate a reasonable probability that, but for appellate counsel's failure to raise the issue, the petitioner would have prevailed in his appeal. Smith, 528 U.S. at 285–86; Moormann, 628 F.3d at 1106.

4

### B. Review of Underlying IAC Claim Against Trial Counsel

To determine whether an appellate counsel's failure to raise IAC claims against trial counsel was itself objectively unreasonable and prejudicial, a court must first assess the merits of the underlying claims that trial counsel was unconstitutionally ineffective. Moormann, 625 F.3d at 1106–07. If the court determines that trial counsel's performance was not objectively unreasonable or did not prejudice the defendant, then appellate counsel did not act unreasonably under Strickland in failing to raise a meritless claim of ineffective assistance of trial counsel. Id. at 1107. Under those circumstances, a defendant will not be prejudiced by appellate counsel's omission. Id.

### C. United States v. Cronic

In United States v. Cronic, the Supreme Court carved out certain exceptions to the general Strickland rule, holding that in limited circumstances the defendant need not show prejudice, as required under Strickland. 466 U.S. 648, 658 (1984). Specifically, prejudice may be presumed (1) when a defendant is "denied counsel at a critical stage of his trial," (2) "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing," or (3) "the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." Id. at 659–60. "But apart from circumstances of this magnitude, there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt." Young v. Runnels, 435 F.3d 1038, 1043 (9th Cir. 2006) (quoting Cronic, 466 U.S. at 659 n.26) (internal quotation marks omitted).

### IV. DISCUSSION

Tieu claims that both trial counsel and appellate counsel rendered ineffective assistance of counsel. See generally Traverse. In his IAC claim against trial counsel, Tieu raises the following issues: (1) trial counsel was ineffective for failing to inform him that the government might offer a package plea deal; (2) trial counsel had an actual conflict of interest; and (3) the district court abused its discretion when it refused to appoint independent

5

counsel. See Motion. These are the precise three arguments the Ninth Circuit considered and rejected on appeal. See Tieu, 553 F. App'x at 695. A defendant who raises an issue on direct review may not re-litigate that issue in a § 2255 motion. See United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000); United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985). Therefore, because the Ninth Circuit previously rejected Tieu's Strickland claim against trial counsel, see 553 F. App'x at 695, Tieu is not entitled to further judicial review of that claim here, see Hayes, 231 F.3d at 1139. The IAC claim against trial counsel is DENIED.

The Court now considers Tieu's remaining IAC claims against appellate counsel. Tieu argues that appellate counsel was ineffective for two reasons: first, appellate counsel failed to adequately argue that trial counsel had a conflict of interest, see Traverse at 9–10; second, appellate counsel failed to raise merit-worthy claims against trial counsel under the Cronic framework, see id. at 12. Tieu maintains that he is entitled to a presumption of prejudice under Cronic because trial counsel (1) constructively denied Tieu representation during plea negotiations, see id. at 12, and sentencing, see id. at 31, 34, and (2) failed to subject the government to meaningful adversarial testing at his change of plea hearing, see id. at 33. The Court considers each claim in turn.

### A. Trial Counsel's Alleged Conflict of Interest

Tieu argues first that appellate counsel was unconstitutionally ineffective because appellate counsel "failed to research the law with respect to a conflict of interest." See Traverse at 9. Tieu asserts that appellate counsel's performance was deficient because appellate counsel did not demonstrate that there was a plausible alternative defense strategy or tactic trial counsel could have pursued but did not, as is required to bring such a claim. See Traverse at 9–10. To succeed on this claim, Tieu must demonstrate that, but for appellate counsel's error, Tieu would have prevailed on appeal. See Smith, 528 U.S. at 285–86; Moormann, 628 F.3d at 1106. On Tieu's appeal, the Ninth Circuit explained that for Tieu's claim that trial counsel's ineffectiveness resulted in a conflict of interest to succeed, Tieu was required to prove trial counsel's ineffectiveness. Tieu, 553 F. App'x at 695. Yet,

6

1  Tieu failed to do so. Id. Given that a showing of trial counsel's ineffectiveness was
2  foundational to his claim, and that the Ninth Circuit found no showing of ineffectiveness,
3  Tieu would not have prevailed on his appeal regardless of appellate counsel's alleged error.
4  See Smith, 528 U.S. at 285–86; Moormann, 628 F.3d at 1106. Thus, appellate counsel was
5  not ineffective under Strickland. See Smith, 528 U.S. at 285–86; Moormann, 628 F.3d at
6  1106.

### B. Tieu's Cronic Claims Against Trial Counsel

Tieu argues next that appellate counsel was ineffective for failing to argue, in addition to his Strickland IAC claim against trial counsel, that trial counsel's alleged errors entitled Tieu to a presumption of prejudice under Cronic. See Traverse at 12. Tieu contends that prejudice should be presumed because (1) he was constructively denied counsel during plea negotiations, see id. at 12, and at sentencing, see id. at 31, 34, and (2) trial counsel failed to subject the prosecution to meaningful adversarial testing at his change of plea hearing, see id. at 33.

#### 1. Constructive denial of representation during plea negotiations and sentencing

##### a. Plea negotiations

Tieu claims that he was constructively denied counsel during the plea bargaining process "when counsel failed to timely and actively advocate for [Tieu] during plea negotiations with the government." See Traverse at 12. Tieu's claim is without merit.

Cronic's presumption of prejudice applies when counsel committed "not merely a negligent misstep" in representing the client's interests, but "an abandonment of the defense of [the] client at a critical stage of the criminal proceedings." United States v. Swanson, 943 F.2d 1070, 1074 (9th Cir. 1991). The plea bargaining process is a critical stage. See Nunes v. Mueller, 350 F.3d 1045, 1053 (9th Cir. 2003) (holding that a defendant is entitled to effective assistance of counsel at "all critical stages of a criminal prosecution, which must include the plea bargaining process"). And the complete failure to communicate a plea offer to a defendant denies the defendant ineffective assistance. United States v. Blaylock, 20 F.3d

1458, 1465–66 (9th Cir. 1994); see also United States v. Rivera-Sanchez, 222 F.3d 1057, 1060–61 (9th Cir. 2000) (holding that counsel is required to communicate the terms of a plea offer to a defendant, and to ensure that the defendant understands the terms of the offer and its significance).  Not only is failing to inform a client of a plea bargain ineffective assistance, it is "equally ineffective to fail to advise a client to enter a plea bargain when it is clearly in the client's best interest."  United States v. Leonti, 326 F.3d 1111, 1117 (9th Cir. 2003).

In Harding v. Davis, as discussed in Swanson, court-appointed counsel remained silent throughout most of the defendant's criminal trial and failed to object when the court directed a verdict against the defendant.  See 878 F.2d 1341, 1345 (11th Cir. 1989).  The Eleventh Circuit held that the attorney's "silence at the point the verdict was directed against his client was so likely to prejudice [the defendant]" that prejudice was presumed.  Id. at 1345 (citing Cronic, 466 U.S. at 658).

Similarly, in Javor v. United States, the Ninth Circuit held that a criminal defendant per se receives ineffective assistance of counsel if his attorney sleeps through a substantial portion of the trial.  724 F.2d 831, 833–34 (9th Cir. 1984).  The court explained that the defendant's Sixth Amendment right to counsel was violated not because of specific legal errors or omissions indicating incompetence, but because he had no legal assistance during a substantial portion of his proceedings.  Id. ("Prejudice is inherent in this case because unconscious or sleeping counsel is equivalent to no counsel at all.").

Tieu's claim that he was constructively denied counsel during plea negotiations is not entitled to Cronic's presumption of prejudice because Tieu has failed to show that trial counsel provided no legal assistance during the plea bargaining process, see Javor, 724 F.2d at 833–34, or that trial counsel effectively remained silent throughout negotiations, see Harding, 878 F.2d at 1345.  On the contrary, the record shows that trial counsel engaged in plea negotiations with the prosecution over the course of nearly six months.  See Mazer Decl. ¶¶ 3–7.  The alleged errors on the part of trial counsel simply do not amount to an "abandonment" of Tieu's defense.  See Swanson, 943 F.2d at 1074.  Therefore, because Tieu

8

1 was not constructively denied counsel during plea negotiations, appellate counsel did not act
2 unreasonably in failing to raise this meritless claim of IAC under Cronic. See Moormann,
3 625 F.3d at 1107.

        b. Sentencing

  Tieu claims that he was "afforded no representation during critical stages of [. . .] sentencing." See Traverse at 31. Specifically, Tieu contends that "[the] ineptness of counsel locked Tieu into a[n] [adjusted offense level] of 44-3=41 and with a criminal history of 4 exposure of a 30 year to life sentence." See id. at 34. Tieu's claim fails.[2]

  As the Supreme Court emphasized in Bell v. Cone, the Cronic exception is very narrow and is applied only in cases where counsel completely fails to provide representation. 535 U.S. 685, 696–97 (2002). In Bell, defense counsel provided minimal assistance during the sentencing phase of a capital murder case. Id. at 686–87. Counsel interviewed no witnesses relevant to sentencing, presented no mitigation testimony from available witnesses, made no plea for petitioner's life, and offered no closing remarks. Id. Despite these shortcomings, the Court held that the petitioner failed to show that his attorney denied him representation "as a whole," and in the absence of a "complete" failure by counsel to represent the defendant, Cronic's presumption of prejudice did not apply. Id. at 697–98. See also Gerlaugh v. Stewart, 129 F.3d 1027, 1036–43 (9th Cir. 1997) (holding that counsel's failure to plead for leniency at the sentencing stage did not effectively deprive defendant of representation, where counsel's efforts in their entirety demonstrated that counsel did not desert or forsake defendant).

  Tieu has not shown that trial counsel denied Tieu representation during the sentencing phase. Unlike defense counsel in Bell, see 535 U.S. at 686–87, Tieu's trial counsel presented significant mitigating evidence, including a declaration from Tieu's cousin outlining Tieu's

---

[2] Tieu also argues that trial counsel constructively denied Tieu representation during the sentencing phase because trial counsel failed to (1) consolidate some of Tieu's racketeering counts, and (2) raise a foreseeability argument with respect to Tieu's role in the charged loan sharking activities. See id. The Court ultimately finds that, even taking these claims as true, Tieu fails to show that these alleged errors are so "egregiously prejudicial" as to warrant application of Cronic's presumption of prejudice. See Cronic, 466 U.S. at 658–62.

9

support of his family and his painful childhood as a refugee, see Exhibit.  Moreover, not only did Tieu's trial counsel zealously advocate for leniency at sentencing, cf. Gerlaugh, 129 F.3d at 1036–43, he persuaded this Court that a sentence more lenient than that warranted under the Guidelines was appropriate, see Transcript at 28.  Tieu's trial counsel by no means "locked" Tieu into an adjusted offense level of 41, with a Guidelines range of 30 years to life.  See Traverse at 34.  In accordance with trial counsel's request, the Court reduced Tieu's adjusted offense level to 37, with a Guidelines range of 292 to 365 months.  See Transcript at 3; Tieu Sent. Mem. at 7.  The Court went even further and found that a downward variance from this new Guidelines range was appropriate, sentencing Tieu to a term of 220 months.  See id.

Overall, Tieu has failed to demonstrate that trial counsel provided no legal assistance during a substantial portion of the sentencing phase.  See Javor, 724 F.2d at 833–34.  The record points to a considerably different story.  See Tieu Sent. Memo.; Transcript.  Because Tieu was not constructively denied counsel during sentencing, appellate counsel did not act unreasonably in failing to raise this claim on appeal.  See Moormann, 625 F.3d at 1107.

### 2. Failure to subject prosecution to meaningful adversarial testing at change of plea hearing

Tieu claims that, at his change of plea hearing, trial counsel failed to subject the prosecution to meaningful adversarial testing when counsel persuaded Tieu to admit that he intended to use ephedrine to manufacture methamphetamine as well as ecstasy.  See Traverse at 28.  This claim is without merit.

It is well settled that where counsel's conduct is egregiously prejudicial, no showing of prejudice is required and ineffective assistance of counsel is presumed.  See Cronic, 466 U.S. at 658–62.  But this presumption is limited to those rare cases where counsel "entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing." Id. at 659.  Or, as the Supreme Court more recently put it, Cronic's presumption of prejudice applies only where the attorney's failure is "complete." Bell, 535 U.S. at 696–97 (court must consider the

10

proceeding as a whole; that counsel failed to subject the prosecution's case to meaningful adversarial testing at specific points does not trigger Cronic's presumption of prejudice).

In Swanson, where defense counsel conceded at trial that "there was no reasonable doubt regarding the only factual issues in dispute," the Ninth Circuit presumed prejudice. 943 F.2d at 1072 (emphasis added). The court made clear, however, that "in some cases a trial attorney may find it advantageous to his client's interests to concede certain elements of an offense or his guilt of one of several charges." Id. at 1075–76. In that case, trial counsel's failure to subject the prosecution's case to meaningful adversarial testing was clear, where even the government conceded that there was no "strategy that [could] justify [defense counsel]'s betrayal of his client." Id. at 1075.

Tieu's claim that trial counsel improperly advised Tieu to concede that it was his intent to manufacture methamphetamine, as well as ecstasy, is not entitled to Cronic's presumption of prejudice because counsel's alleged failure was not a complete failure to subject the prosecution's case to meaningful adversarial testing. See Bell, 535 U.S. at 696–97. Unlike in Swanson, where counsel conceded guilt regarding the only factual issue in dispute, see 943 F.2d at 1072, Tieu's count regarding the intention to use ephedrine to manufacture methamphetamine was one of ten, see Indictment (dkt. 1). Moreover, the Court presumes that trial counsel had some strategy justifying his advice that Tieu concede guilt on this count. See Strickland, 466 U.S. at 690 ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."); Swanson, 943 F.2d at 1075–76. Evidence in this case suggested, for instance, that Tieu's co-defendants or government witnesses asserted that the ephedrine would be used to manufacture methamphetamine in addition to ecstasy. See Traverse at 28. Trial counsel might have advised Tieu to concede guilt in light of this evidence. See Harrington v. Richter, 562 U.S. 86, 109 (2011) ("Although courts may not indulge 'post hoc rationalization' for counsel's decisionmaking that contradicts the available evidence of counsel's actions, neither may they insist counsel confirm every aspect of the strategic basis for his or her actions." (quoting Wiggins v. Smith, 539 U.S. 510, 526–27 (2003))).

11

Even if trial counsel's decision to concede guilt on this count amounted to deficient performance, Tieu would still have to establish prejudice under Strickland. See United States v. Thomas, 417 F.3d 1053, 1056, 1058–59 (9th Cir. 2005) (counsel's concession of guilt without consulting with defendant or obtaining his consent was deficient, but defendant must still prove prejudice under Strickland because the concession did not "abandon all meaningful adversarial testing of the prosecution's case, such that it would be Cronic error"); see also Florida v. Nixon, 543 U.S. 175, 190–91 (2004) (defense counsel's strategic decision to concede, at the guilt phase of trial, defendant's commission of murder, and to concentrate defense on establishing, at penalty phase, cause for sparing defendant's life, did not rank as failure to function in any meaningful sense as government's adversary). Tieu has neither established prejudice under Strickland, see 466 U.S. at 687, nor is Tieu entitled to a presumption of prejudice under Cronic, see 466 U.S. at 659–60. Thus, appellate counsel did not act unreasonably in failing to raise a meritless claim of IAC under Cronic, and Tieu was not prejudiced by appellate counsel's omission. See Moormann, 625 F.3d at 1107.

## V. CONCLUSION

For the foregoing reasons, Tieu's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED. A certificate of appealability under 28 U.S.C. § 2253(c) is also DENIED because Tieu has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, the Clerk of the Court shall enter judgment in favor of Respondent, terminate all pending motions as moot, and close the civil case associated with this Motion.

**IT IS SO ORDERED.**

Dated: December 4, 2015

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE