BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

ROBERT DAVID REES (CABN 229441)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7210
    FAX: (415) 436-7234
    Email:  robert.rees@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CUONG MACH BINH TIEU, <br><br> Defendant. | Case No. CR 11-0097 CRB <br><br> **OPPOSITION TO DEFENDANT'S EFFECTIVE SECOND AND SUCCESSIVE HABEAS PETITION PURSUANT TO 28 U.S.C. § 2255** |

# INTRODUCTION

The defendant was charged and convicted by "open" guilty plea in the above-captioned case of: (Count 1) conspiracy to conduct the affairs of a racketeer-influenced corrupt organization; (Count 2) conducting the affairs of a racketeer-influenced corrupt organization; (Count 3) conspiracy to possess with intent to distribute methamphetamine; (Count 4) possession with intent to distribute methamphetamine; (Count 5) conspiracy to possess and distribute ephedrine; (Count 6) possession and distribution of ephedrine; (Count 7) conspiracy to manufacture methamphetamine; (Count 8) manufacture of methamphetamine; (Count 21) conspiracy to possess with intent to distribute and distribution of cocaine; and (Count 22) possession with intent to distribute and distribution of cocaine. On December 7, 2012, this Court entered judgment, imposing a sentence of 220 months, and Tieu

appealed. On January 27, 2014, the Ninth Circuit upheld the defendant's convictions and sentence. *See* Dkt. 689. The defendant then filed a habeas petition under 28 U.S.C. § 2255 on April 13, 2015. This Court denied it on December 4, 2015. *See* Dkt. 786. The Court later declined to reduce Tieu's sentence on August 8, 2017. *See* Dkt. 804.

On December 6, 2017, the defendant filed what he termed a request to correct a clerical error in the criminal judgment, but what was actually his second and successive habeas petition as discussed below. The Court ordered a response from the government on December 11, 2017. *See* Dkt. 807. This Court should deny the defendant's request for a number of reasons. First, Tieu did not obtain a certification to file a second and successive habeas petition from the Ninth Circuit as he must by rule. Second, even if he had tried to obtain such certification, it would be denied because he challenges what he deems a clerical error made by the Court and does not make an allegation of factual innocence or the existence of a new, retroactive constitutional rule as he must. Third, his petition is time-barred. Finally, even if he could file a second and successive habeas petition, there is no merit to his claim that Counts Five and Seven are the same offense. Accordingly, the defendant's petition should be denied.

## DISCUSSION

*I.    The defendant's second and successive § 2255 petition is procedurally barred for failure to obtain certification from the Ninth Circuit*

The defendant's motion cannot be a motion to correct a clerical error under Fed. R. Crim. P. 36 as he asserts, since he is seeking plenary resentencing and a new PSR. *See, e.g., United States v. Freeny,* 841 F.2d 1000, 1002 (9th Cir. 1988) (A "district court has no jurisdiction under Fed. R. Crim. P. 32 to entertain a challenge to a post-sentence report after the sentence has been imposed."); *United States v. Cripps*, No. 1:10-CR-00461-LJO, 2017 WL 1115972, at *1 (E.D. Cal. Mar. 27, 2017) (stating that, "for anything other than a 'clerical error,' challenges to or requests to amend a PSR submitted more than fourteen days after imposition of the sentence must be based on statutes or rules giving the district court jurisdiction to consider the challenge, such as a motion to vacate, set aside, or correct a sentence brought pursuant to 28 U.S.C. § 2255 ('Section 2255 Motion').").

Accordingly, the defendant's motion must be considered to be a § 2255 motion for the Court to have any possible jurisdiction to hear it. Properly construed as such, it should be denied because it is

procedurally barred.  The defendant has already filed a prior § 2255 habeas petition, which has been ruled upon and denied both by this Court and the Ninth Circuit.  See Dkt. 786; 798.  Defendants are generally allowed only a single habeas petition by rule.  Federal circuit or district judges are not required to entertain a habeas petition where, as here, "it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."  28 U.S.C. § 2244(a).

Section 2255(h) provides an exception for consideration of a "second or successive motion," but only when such a motion has been "certified as provided in section 2244 by a panel of the appropriate court of appeals."  28 U.S.C. § 2255(h).  The defendant did not seek or obtain such certification from the Ninth Circuit to file his second and successive § 2255 motion.  Because the defendant's current motion can only properly be construed as a § 2255 petition, it constitutes a "second or successive" petition that must be certified by a panel of the Ninth Circuit in accordance with § 2255(h) in order to proceed.  The defendant did not seek or receive such certification from the Ninth Circuit, so his motion fails to satisfy § 2255(h) and should be dismissed for lack of jurisdiction.

### II. *The defendant could not qualify for Ninth Circuit certification of this second and successive habeas petition even if he had sought it*

Even if the defendant had properly sought certification of what must be a second and successive habeas petition, he would not have received it because he cannot satisfy the threshold requirements for such certification.  By statute, for a second or successive motion to receive certification, it must make a prima facie showing of one of two circumstances:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.§ 2255(h)(1)-(2).  Absent either of these requirements a second or successive motion fails to satisfy § 2255(h) and cannot be certified to proceed.  Tieu's motion effectively seeking to set aside one of his Counts of conviction as duplicative does not qualify under either requirement.

In *United States v. Buenrostro*, the Ninth Circuit concluded that "the second or successive bar marks the end point of litigation even where compelling new evidence of a constitutional violation is

discovered." 638 F.3d 720, 726 (9th Cir. 2011) (per curiam). Aside from certain exceptional circumstances not present here, such as late onset incompetency, the Ninth Circuit has held that the only prisoner who can circumvent the § 2255(h) bar is the one "who obtains new evidence that could clearly and convincingly prove his innocence or who has the benefit of a new, retroactive rule of constitutional law." *Id.* at 726. Tieu is not that prisoner.

### III.     *The defendant's petition is time-barred*

The defendant procedurally cannot file this motion for a third reason: it is time-barred. Section 2255(f) sets forth a one year statute of limitations for habeas petitions. In this case, the defendant's conviction became final after the time within which he could file a petition for writ of certiorari with the Supreme Court expired, 90 days after the Ninth Circuit upheld his conviction, which would have been April 7, 2014. *See* Dkt. 689. The defendant filed this motion on December 6, 2017, well more than a year after that date, and outside the relevant statute of limitations. § 2255(f)(1).

The defendant attempts to avoid the expiration of the statute of limitations by claiming that he is filing a motion seeking solely to correct a clerical error. As noted above, that is not at all what he is actually seeking. Rather, he is asking for dismissal of a Count and plenary resentencing. The Court has no jurisdiction outside of a § 2255 motion to grant such relief at this point. However, such a petition is well outside the one year statute of limitations.

### IV.     *There is no merit to the defendant's claim*

Even if the defendant were able to file a second and successive habeas petition, it should be denied as meritless. The defendant claims that Counts Five and Seven are the exact same crime such that one should be dismissed. Even a cursory look at the Indictment in this case proves the contrary. Count Five charges that the defendant, and others, "knowingly and intentionally conspired unlawfully to possess and distribute a listed chemical, namely ephedrine, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, namely methamphetamine," while Count Seven charges that the defendant, and others, "knowingly and intentionally conspired to manufacture a controlled substance, namely 50 grams or more of methamphetamine." Dkt. 1. The factual objects of each conspiracy are separate, with one relating to the possession and distribution of ephedrine and subsequent manufacture of methamphetamine while the

other relates solely to the manufacture of a specific amount of methamphetamine.

Most fundamentally, each conspiracy has different statutory objects, with Count Five a conspiracy to violate 21 U.S.C. § 841(c)(2), while Count Seven is a conspiracy to violate 21 U.S.C. § 841(a)(1). Dkt. 1. The former relates to "listed chemicals" while the latter refers solely to "controlled substances," and each object crime has a separate model jury instruction. *See* Ninth Circuit Model Jury Instruction 9.27 (Count Five) and 9.18 (Count Seven). Count Five requires proof relating to a "listed chemical" that Count Seven does not. Count Seven requires an agreement actually to manufacture methamphetamine as opposed to Count Five's agreement only to possess ephedrine with knowledge it *may be used* to manufacture methamphetamine. Accordingly, the Counts are not multiplicitous. *See United States v. Garlick*, 240 F.3d 789, 794 (9th Cir.2001) ("The test for multiplicity is whether each count 'requires proof of a[n additional] fact which the other does not.'" (quoting *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (wording alteration added by *Garlick*))). Accordingly, the defendant's claim that Counts 5 and 7 are identical is demonstrably false.

Indeed, the defendant effectively conceded as much during these proceedings. He never filed a motion to dismiss the indictment on these grounds as required by Fed. R. Crim. P. 12(b)(3)(B)(ii). The defendant pled guilty to each crime, submitted a sentencing memorandum, and participated in a PSR process that all were based on the premise that Counts Five and Seven were separate. Accordingly, even if the defendant could overcome the numerous procedural bars to this motion, it should be denied on the merits because Counts Five and Seven properly refer to separate charges.

## CONCLUSION

For the foregoing reasons, the defendant's motion filed on December 6, 2017, which must be construed as a second and successive habeas petition, should be denied.

Dated:  December 26, 2017                                    Respectfully submitted,

                                                            BRIAN J. STRETCH
                                                            United States Attorney


                                                            _____/s_____
                                                            ROBERT DAVID REES
                                                            Assistant United States Attorney