CUONG MACH BINH TIEU

PETITIONER

V.

UNITED STATES OF AMERICA

RESPONDANT

FILED
JAN 29 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CASE NO:3:11-CR-00097-CRB

(***PETITIONERS RESPONSE TO THE GOVERNMENTS OPPOSITION TO PETITIONERS FED.R.CRIM.P RULE 36 MOTION***)

The governments arguemant that petitioners petition is second or successive is without merit and is irrelevant to petitioners claim.

Secondly the governments opposition motion actually favors correction under rule 36 for the government is contendin that petitioners indictment is for ephedrine, methamphetamine and cocain but based on the PSI petitioner was found/sentenced for MDMA see arguemant below.

The government argues that count 3 is for conspiracy to possess with intent to distribute methamphetamine but if you look at paragraph 80 of the PSI petitioner was sentenced for possess with intent to distribute and distribution of MDMA 21 u.s.c 841(a)(1)racketeering act 3.

The government stance for count 4 is possession with intent to disribute methamphetamine  but paragraph 87 of PSI is: extortionate extension of  credit (5,000 loan on November 14,2009) racketering act 4.

The governments stance for count 5 is:conspiracy to possess and distribuute ephedrine but paragraph 94 is:conspiracy to possess with intent to distribute and distribution of MDMA,21 u.s.c 846,841(a)(1).rackeetering act

5.

The government stance for counts 6 is possession and distribution of ephedrine but paragraph 101 is for extortion extension of credit (10,000 loan on October 29,2009).rakeetering act 6.

The government stance for count 8 is:manufacture of methaphetamine but paragraph 115 is: conspiracy to possess with intent to distribute and distribution of MDMA,21 u.s.c 846,841(a)(1)rackeetering act 8

Based upon the Bureau of prisons sentence monitoring computation data as of 1-23-2018 petitioner was sentenced under (MDMA) not ephedrine not methampehtamine not cocain clearly there is some serious descripancies in what the government is argueing what petitioner is sentenced for namely methamphetamine, cocain, and ephedrine in its opposition motion and and what petitioner is sentenced under for (MDMA) based upon the bureau of prisons whats in ptitioners inmate central file.

Therefore rule 36 is the proper vehicle to correct a clerical error based upon a clericle mistake in what the government is arguing and what is on file for the (BOP).

Based on the bureau of prisons on what they have on file in his inmate central file petitioner is in prison for MDMA but will not provide a copy o to petitioner for inmates are not allowed copies of the criminal judgment order or statement of reasons in there possession for security reasons but clearly petitioners is in custody based upon a whole differant category of drugs or statutes in petitioner case therefore petitioner is not just asking couns 5 and counts 7

be fixed now.        petitioner is requeting the his whole case be corrected and have a major overview of his case be conducted somehow petitioner is in custody for a whole different range of conduct of MDMA when he is suppose to be in custody for methamphetamine,ephedrine. and cocain based on the governments argumant clearly somehow the court mixed some other defendants case with petitioners based on the complexities of what the government opened the door to petitioners is requesting immediate counsel be appointed in this case to remedy this major error in sentencing and judgment order and whats on file for the bureau of prisons in petitioners inmate central file and PSI therefore petitioner request that this court grant petitioners rule 36 motion based upon differan referances by the government contending petitioner is in custody for methamphetamine ephedrine and cocain ,the bureau of prisons and what petitioner has in his PSI is for MDMA.

　Therefore the judge does got jurisdiction to correct the criminal judgement order and PSI for the typograph is referancing different drugs and statutes see exhibits attached of what petitioners can provide for this court lastly the government stated they filed there opposition December 26,2017 but mailed a copy to petitioner almost a month later see postmark date and the fact that petitioner did not receive a copy untill janaury 22,2018 clearly there is serious prejudice by the government in this case therefore this court should rule in favor of petitioner and based largely on the discripancies and deliberate fail to give petitioner notice of there allegedl filed petition December

26,2018 thanyou...

***certificate of service and signature under a penalty of perjury***

PETITIONER CERTIFIES THAT THE FOREGOING IS TRUE AND ACCURATE UNDER A PENALTY OF PURJURY AND THAT PETITIONER SERVED A COPY OF THIS MOTION TO THE COURT AND REPONDANT ON_____

SINATURE_____

```
███████████  *    SENTENCE MONITORING      *   01-23-2018
███████████  *    COMPUTATION DATA         *   10:26:55
                  AS OF 01-23-2018

REGNO..: 91019-111 NAME: TIEU, CUONG MACH


FBI NO..........: 503336JA2        DATE OF BIRTH: 12-31-1969  AGE: 48
ARS1............: HER/A-DES
UNIT............: TAHOE            QUARTERS.....: T04-202L
DETAINERS.......: YES              NOTIFICATIONS: NO

HOME DETENTION ELIGIBILITY DATE: 09-08-2026

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  03-08-2027 VIA GCT REL


-----------------------CURRENT JUDGMENT/WARRANT NO: 010-----------------------

COURT OF JURISDICTION...........: CALIFORNIA, NORTHERN DISTRICT
DOCKET NUMBER...................: CR-11-00097-001 CRB
JUDGE...........................: BREYER
DATE SENTENCED/PROBATION IMPOSED: 12-05-2012
DATE COMMITTED..................: 01-23-2013
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                 FELONY ASSESS   MISDMNR ASSESS   FINES        COSTS
NON-COMMITTED.:  $1,000.00       $00.00           $00.00       $00.00

RESTITUTION...: PROPERTY:  NO   SERVICES:  NO    AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010------------------------
OFFENSE CODE....:  545
OFF/CHG: 18:1962(D) CONSP TO CONDUCT THE AFFAIRS OF A RACKETEER-INFL'D
         CORRUPT ORGANIZATION;18:1962(C) CONDUCTING THE AFFAIRS OF A
         RACKETEER-INFLUENCED CORRUPT ORGANIZAT;21:841(A)(1)PWITD,DISTR
         & MANUF OF A CTRL SUBST X 3;21:841(C)(2) POSS/DISTRI LIST
         CHEMICAL;21:841 CONSP TO VIOLATE CTRL SUBST ACT X 2
                    All under MDMA
SENTENCE PROCEDURE..............:  3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:   220 MONTHS
TERM OF SUPERVISION.............:  5 YEARS
DATE OF OFFENSE.................:  03-02-2011
```

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
San Francisco Venue

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>)<br>Cuong Mach Binh Tieu )<br>)<br>) | SENTENCE REDUCTION INVESTIGATION REPORT<br><br>Docket No.:   0971 3:11CR00097-001- CRB |

**Prepared for:**     The Honorable Charles R. Breyer
                     Senior United States District Judge

**Prepared by:**     Catheryn Grier
                    Supervisory U.S. Probation Officer
                    San Francisco, CA
                    Work: (415) 436-7436
                    catheryn_grier@canp.uscourts.gov

**Assistant U.S. Attorney**
Doug Wilson
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
(415) 436-7200
Doug.Wilson@usdoj.gov

**Defense Counsel**
Cuong Mach Binh Tieu (pro se)
Reg. No. 91019-111
P.O. Box 800
Herlong, CA 96113

**Sentencing Date:**     December 6, 2012

**Offense:**     **Count 1:** Conspiracy to Conduct the Affairs of a Racketeer-Influenced Corrupt Organization
18 U.S.C. § 1962(d), a Class C felony,
20 years imprisonment/$250,000.00 fine
**Count 2:** Conducting the Affairs of a Racketeer-Influenced Corrupt Organization
18 U.S.C. § 1962(c), a Class C felony,
20 years imprisonment/$250,000.00 fine
**Counts 3, 7 and 21:** Conspiracy to Violate Controlled Substance Act
21 U.S.C. §§ 846, 841(b)(1)(A)(ii)and(vii); a Class A felony,
10 years to life imprisonment/$10,000,000.00 fine
**Count 4:** Possession with Intent to Distribute, Distribution, and Manufacture of a Controlled Substance
21 U.S.C. §§ 841(a)(1), 841(b)(l)(A)(ii) and (vii), a Class A felony,
10 years to life imprisonment/$10,000,000.00 fine

NDC-06/01/2015

**Re:** Tieu, Steven Binh (33958) 2

>**Count 5:** Conspiracy to Violate Controlled Substances Act
>21 U.S.C. §§ 841(a)(l), 841(b)(l)(C), a Class C felony,
>20 years imprisonment/$1,000,000.00 fine
>**Count 6:** Possession and Distribution of Listed Chemical to Manufacture a Controlled Substance
>21 U.S.C. §§ 841(c)(2), a Class C felony,
>20 years imprisonment/$250,000.00 fine
>**Count 8:** Possession with Intent to Distribute, Distribution, and Manufacture of a Controlled Substance
>21 U.S.C. §§ 841(a)(l), 841(b)(l)(C), a Class C felony,
>20 years imprisonment/$1,000,000.00 fine
>**Count 22:** Possession with Intent to Distribute and Distribution of a Controlled Substance
>21 U.S.C. §§ 841(a)(l), 841(b)(1)(A)(ii), a Class B felony,
>5 to 40 years imprisonment/$5,000,000.00 fine

**Date Report Prepared:**   June 29, 2017

*Restrictions on Use and Redisclosure of Presentence Investigation Report.* Disclosure of this presentence investigation report to the Federal Bureau of Prisons and redisclosure by the Bureau of Prisons is authorized by the United States District Court solely to assist administering the offender's prison sentence (i.e., classification, designation, programming, sentence calculation, pre-release planning, escape apprehension, prison disturbance response, sentence commutation, or pardon) and other limited purposes, including deportation proceedings and federal investigations directly related to terrorist activities. If this presentence investigation report is redisclosed by the Federal Bureau of Prisons upon completion of its sentence administration function, the report must be returned to the Federal Bureau of Prisons or destroyed. It is the policy of the federal judiciary and the Department of Justice that further redisclosure of the presentence investigation report is prohibited without the consent of the sentencing judge.

NDC-06/01/15

Ephedrine has the equivalency of 250,000 kilograms of marijuana, for a total of 250,400 kilograms. Pursuant to USSG §2D1.1(c)(1), 30,000 kilograms or more of marijuana has a base offense level of 38.                                                           **38**

| Drug Name | Drug Quantity | Marihuana Equivalency |
|---|---|---|
| Methamphetamine | 200.0 g | 400.0 kg |
| Ephedrine | 25.0 kg | 250000.0 kg |
| Total | | 250400.0 kg |

75. Specific Offense Characteristics: None.                                                                 **0**

76. Victim Related Adjustment:                                                                               **0**

77. Adjustment for Role in the Offense: The defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive; therefore, four levels are added. USSG §3B1.1(a).        **+4**

78. Adjustment for Obstruction of Justice: None.                                                             **0**

79. Adjusted Offense Level (Subtotal): None.                                                                **42**  40

80. Racketeering Act 3: Possess with Intent to Distribute and Distribution of MDMA, 21 U.S.C. § 841(a)(1)

81. Base Offense Level: The guideline for a violation of 21 U.S.C. § 841(a)(1) is found at the Drug Quantity Tables found at USSG §2D1.1(c). There is no listed quantity for the MDMA. According to USSG §2D1.1, comment. (n.10(D)), the minimum offense level is 12.        **12**

82. Specific Offense Characteristics: None.                                                                  **0**

83. Victim Related Adjustment: None.                                                                         **0**

84. Adjustment for Role in the Offense: The defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive; therefore, four levels are added. USSG §3B1.1(a).        **+4**

85. Adjustment for Obstruction of Justice: None.                                                             **0**

86. Adjusted Offense Level (Subtotal):                                                                      **16**

87. Racketeering Act 4: Extortionate Extension of Credit ($5,000 loan on November 14, 2009)

88. Base Offense Level: The guideline for 18 U.S.C. § 892(a) offenses is found in USSG §2E2.1(a) of the guidelines, and provides for a base offense level 20.    **20**

14

| | | |
|---|---|---|
| 89. | Specific Offense Characteristics: None. | 0 |
| 90. | Victim Related Adjustment: None. | 0 |
| 91. | Adjustment for Role in the Offense: The defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive; therefore, four levels are added. USSG §3B1.1(a). | +4 |
| 92. | Adjustment for Obstruction of Justice: None. | 0 |
| 93. | Adjusted Offense Level (Subtotal): | 24 |
| 94. | Racketeering Act 5: Conspiracy to Possess with Intent to Distribute and Distribution of MDMA, 21 U.S.C. §§ 846, 841(a)(1) | |
| 95. | Base Offense Level: The guideline for a violation of 21 U.S.C. § 846 is found at the Drug Quantity Tables found at USSG §2D1.1(c). There is no listed quantity for the MDMA. According to USSG §2D1.1, comment. (n.10(D)), the minimum offense level is 12. | 12 |
| 96. | Specific Offense Characteristics: None. | 0 |
| 97. | Victim Related Adjustment: None. | 0 |
| 98. | Adjustment for Role in the Offense: The defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive; therefore, four levels are added. USSG §3B1.1(a). | +4 |
| 99. | Adjustment for Obstruction of Justice: None. | 0 |
| 100. | Adjusted Offense Level (Subtotal): | 16 |
| 101. | Racketeering Act 6: Extortionate Extension of Credit ($10,000 loan on October 20, 2009) | |
| 102. | Base Offense Level: The guideline for 18 U.S.C. § 892(a) offenses is found in USSG §2E2.1(a) of the guidelines, and provides for a base offense level 20. | 20 |
| 103. | Specific Offense Characteristics: None. | 0 |
| 104. | Victim Related Adjustment: None. | 0 |
| 105. | Adjustment for Role in the Offense: The defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive; therefore, four levels are added. USSG §3B1.1(a). | +4 |
| 106. | Adjustment for Obstruction of Justice: None. | 0 |
| 107. | Adjusted Offense Level (Subtotal): | 24 |
| 108. | Racketeering Act 7: Conspiracy to Possess with Intent to Distribute and Distribution of MDMA, 21 U.S.C. §§ 846, 841(a)(1) | |

15

109. Base Offense Level: The guideline for a violation of 21 U.S.C. § 846 is found at the Drug Quantity Tables found at USSG §2D1.1(c). There is no listed quantity for the MDMA. According to USSG §2D1.1, comment. (n.10(D)), the minimum offense level is 12.  **12**

110. Specific Offense Characteristics: None.  **0**

111. Victim Related Adjustment: None.  **0**

112. Adjustment for Role in the Offense: The defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive; therefore, four levels are added. USSG §3B1.1(a).  **+4**

113. Adjustment for Obstruction of Justice: None.  **0**

114. Adjusted Offense Level (Subtotal):  **16**

115. <u>Racketeering Act 8</u>: Conspiracy to Possess with Intent to Distribute and Distribution of MDMA, 21 U.S.C. §§ 846, 841(a)(1)

116. Base Offense Level: The guideline for a violation of 21 U.S.C. § 846 is found at the Drug Quantity Tables found at USSG §2D1.1(c). There is no listed quantity for the MDMA. According to USSG §2D1.1, comment. (n.10(D)), the minimum offense level is 12.  **12**

117. Specific Offense Characteristics: None.  **0**

118. Victim Related Adjustment: None.  **0**

119. Adjustment for Role in the Offense: The defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive; therefore, four levels are added. USSG §3B1.1(a).  **+4**

120. Adjustment for Obstruction of Justice: None.  **0**

121. Adjusted Offense Level (Subtotal):  **16**

122. <u>Racketeering Act 9</u>: Extortionate Extension of Credit ($5,000 loan on January 14, 2010)

123. Base Offense Level: The guideline for 18 U.S.C. § 892(a) offenses is found in USSG §2E2.1(a) of the guidelines, and provides for a base offense level 20.  **20**

124. Specific Offense Characteristics: None.  **0**

125. Victim Related Adjustment: None.  **0**

126. Adjustment for Role in the Offense: The defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive; therefore, four levels are added. USSG §3B1.1(a).  **+4**

127. Adjustment for Obstruction of Justice: None.  **0**

US POSTAGE $01.42
1STCLASS RTL
Mailed From 94102
01/18/2018



Cuong Tieu
Federal Correctional Institute
P.O. Box 800
Herlong, CA 96113

11 of 11