UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br>　　v.<br>CUONG MACH BINH TIEU,<br>　　　　　　Defendant. | Case No. CR 11-0097 CRB<br><br>**ORDER DISMISSING RULE 36 MOTION, CONSTRUED AS SECOND AND SUCCESSIVE HABEAS PEITION** |

Petitioner Cuong Mach Binh Tieu moves this Court to correct what he asserts is a clerical error in his judgment order and presentence investigation report ("PSR"). In the same motion, Petitioner requests that this Court resentence him. For the reasons that follow, the Court dismisses Petitioner's motion.

**I.   BACKGROUND**

Petitioner was indicted on ten counts of racketeering and drug trafficking. See Indictment (dkt. 46). The two counts at issue in this petition arise under 21 U.S.C. § 846, Conspiracy to Violate the Controlled Substances Act. See Motion (dkt. 806); see also Judgment (dkt. 554).

In 2012, Petitioner entered an open guilty plea. See Hearing Minutes (dkt. 379-1). He later received a 220 month sentence. See Sentencing Minutes (dkt. 557). Petitioner timely appealed, and, in 2014, the Ninth Circuit affirmed Petitioner's conviction and sentence. See United States v. Cuong Mach Bing Tieu, 553 F. App'x 694, 695 (9th Cir. 2014).

The following year, Petitioner moved to vacate his sentence pursuant to 28 U.S.C. § 2255. See 2255 Mot. (dkt. 767). This Court denied the petition. See 2255

1  Order (dkt. 786).  The Court also declined Petitioner's request for a sentence reduction
2  pursuant to Amendment 782.  See Order Denying Reduction (dkt. 804).
3      In December 2017, Petitioner (proceeding pro se) filed the motion at issue pursuant
4  to Federal Rule of Criminal Procedure 36.  See Motion.  Petitioner asserts that Counts 5
5  and 7 erroneously sentence him for the same crime.  Id.  He requests that the Court correct
6  the judgment order and PSR, and then resentence him.  Id.
7      The government responds that Petitioner's motion wrongly invokes Rule 36 for a
8  purpose (resentencing and a new PSR) other than correcting a clerical error.  See Opp'n
9  (dkt. 808).  As neither of Petitioner's purposes may be accomplished by a Rule 36 motion,
10 the government asks the Court to construe the motion as a second and successive habeas
11 petition.  Id.
12     In his reply, Petitioner asserts that the government did not timely respond, and that
13 the Court should therefore grant this motion in his favor.  See Reply (dkt. 809).[1]  He
14 maintains that his request is a Rule 36 motion.  Id.  Two days after Petitioner filed his
15 reply, the government mailed him a copy of the opposition.[2]  See Cert. of Service (dkt.
16 810).
17     Without seeking leave, Petitioner subsequently filed a surreply.  See Surreply
18 (dkt. 811).   In it, he maintains that the Court has jurisdiction under Rule 36 to correct "the
19 typograph[ical] [error] [] [referencing] different drugs and statutes."  Id. at 3.  However,
20 Petitioner argues in his surreply that the clerical errors extend beyond Counts 5 and 7 and
21 impact "his whole case."  Id. at 2–3.  The gravamen of Petitioner's new claim is that he has
22 been incarcerated for MDMA "when he is suppose[d] to be in custody for

---

[1] This is incorrect.  On Monday, December 11, 2017, the Court issued an order requiring "the government to respond to Tieu's motion within 14 days of this order."  See Reply Order (dkt. 807).  The government's response was due by Monday, December 25, 2017.  However, December 25, 2017, Christmas Day, was a legal holiday.  See Fed. R. Crim. P. 45(a)(6)(a).  Therefore, the government's response was not due until the next day.  See Fed. R. Crim. P. 45(a)(1).  Thus, the government's December 26, 2017 reply was timely.

[2] The government notified Petitioner of the December 26, 2017 filing on January 18, 2018—ten days after the Court's deadline for Petitioner's reply.  See Id.; see also Reply Order (dkt. 807).

2

methamphetamine[,] ephedrine[,] and cocain[e]."[3]  Id. at 3.  Tangentially, Petitioner requests "immediate counsel . . . to remedy this major error" in his PSR, judgment order, and Bureau of Prison's inmate central file.[4]  Id.  Lastly, Petitioner argues that the government's delayed filing caused him "serious prejudice."[5]  Id. at 3.  It is well-established in the Ninth Circuit that courts are not required to consider arguments raised for the first time in a reply brief.  See Bazuaye v. I.N.S., 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."); State of Nev. v. Watkins, 914 F.2d 1545, 1560 (9th Cir. 1990) ("'appellants cannot raise a new issue for the first time in their reply briefs'").  Accordingly, the following analysis is limited to arguments raised in Petitioner's opening motion.

## II. LEGAL STANDARD

District courts may invoke Rule 36 to correct clerical errors "at any time." Fed. R. Crim. P. 36.  However, Rule 36 "may not be used to correct judicial errors in sentencing."  United States v. Penna, 319 F.3d 509, 513 (9th Cir. 2003).  Specifically, Rule 36 is not intended "to allow reassessment of the merits of an earlier decision after the time for reconsideration or appeal has elapsed."  United States v. Jones, 608 F.2d 386, 389 (9th Cir. 1979).

Petitioners may bring motions to vacate or correct sentences pursuant to 28 U.S.C. § 2255.  District courts, however, may not hear second or successive petitions

---

[3] The new claim is flawed.  Petitioner includes in his Surreply excerpts from the PSR and a document entitled Sentence Monitoring Computation Data.  See id. at 5, 8–10.  However, the references to MDMA within his PSR pertain to racketeering acts, to which Petitioner pled guilty under Count 1, Conspiracy to Conduct the Affairs of a Racketeer-Influenced Corrupt Organization.  See Judgment.  The documents thus reflect that Petitioner is serving a sentence for MDMA-related activity under Count 1, and for methamphetamine and ephedrine-related activity under Counts 5 and 7.  Id.  Additionally, the Sentence Monitoring Computation Data document is created and maintained by the Bureau of Prisons—not the Court.  See Surreply at 2-3.  As the Court did not create the document, the Court did not make any clerical errors contained therein.
[4] There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981).
[5] The Court took this delay into account in accepting Petitioner's untimely reply and his surreply, filed without leave.  Because the Court is considering Petitioner's filings, Petitioner has not been prejudiced.

3

for a writ of habeas corpus without prior certification from the appropriate court of appeals. 28 U.S.C. § 2244(b)(1), (b)(3)(A).

## III. DISCUSSION

### A. Petitioner's Rule 36 Motion is a Second and Successive Habeas Petition

While Petitioner's motion was ostensibly brought to correct clerical mistakes, in substance, Petitioner seeks resentencing and a revised judgment and PSR. See Motion. The Court determines the appropriateness of a motion based on its practical function rather than its caption. See Jones, 608 F.2d at 389–90 (Rule 36 motion to vacate a suppression order considered a second motion for reconsideration because the "practical purpose and effect of the motion was to ask the district court to reconsider its ruling.").

Rule 36 is a narrow provision limited to the correction of clerical errors. Id. at 389. Accordingly, Rule 36 does not give district courts jurisdiction to consider motions that challenge or amend postsentence reports for reasons other than clerical error. See United States v. Cripps, 10-CR-00461 (LJO), 2017 WL 1115972, at *1 (E.D. Cal. Mar. 27, 2017). In addition, making a substantive change to the period of incarceration that a defendant is required to serve does not amount to the correction of a clerical error. United States v. Kaye, 739 F.2d 488, 491 (9th Cir. 1984) (Rule 36 "was not used properly to add a period of incarceration that the record does not indicate was previously authorized."); see also Penna, 319 F.3d 509 at 513 ("Rule 36 is a vehicle for correcting clerical mistakes but it may not be used to correct judicial errors in sentencing."). Indeed, "for anything other than clerical error," challenges to the PSR must be based on statutes, such as a § 2255 motion. See Cripps, 2017 WL 1115972, at *1.

Here, Petitioner seeks resentencing and a revised judgment and PSR—not because the relevant documents fail to accurately reflect what the Court ordered, but because he alleges that two of the counts with which he was charged, and to which he pled guilty and was sentenced, are duplicative.[6] See Motion at 1–2. Rule 36 does not apply. In substance,

---

[6] In fact, Petitioner refers to the two counts as "the same" and "[identical]." See Motion at 1–2.

Petitioner has filed a § 2255 motion. See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) (petitioner serving federal sentence who wishes to attack the validity of his conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to § 2255.). However, this Court denied Petitioner's prior § 2255 motion to vacate his sentence. See 2255 Order. Accordingly, Petitioner's Rule 36 motion is a second and successive § 2255 habeas petition.

### B. This Court Does Not Have Jurisdiction over Petitioner's § 2255 Motion

Absent an order from the Ninth Circuit, this Court cannot consider a second and successive habeas petition. See 18 U.S.C. § 2244(b)(3). In fact, this Court must dismiss any second or successive habeas claim where, as here, the conditions of § 2244 are not met. See United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998). Petitioner does not assert that he has sought or obtained certification to file a second or successive habeas petition. Accordingly, his motion fails to satisfy § 2255(h) and is DISMISSED for lack of jurisdiction. See 18 U.S.C. § 2244(b)(3); see also 28 U.S.C. § 2255(h).

## IV. CONCLUSION

The Court deems Petitioner's Rule 36 motion a second or successive § 2255 motion and DISMISSES it because it has not been certified by the Ninth Circuit. See 28 U.S.C. § 2255(h). Petitioner is advised to review the government's Opposition to his motion, which explains why such a certification is unlikely (i.e., that it fails to meet the prima facie requirements for certification, see id., that the statute of limitations has run, see 28 U.S.C. § 2255(f)(1), and that it lacks merit because in fact Counts 5 and 7 charge Petitioner with different crimes, each with different factual and statutory objects). See Opp'n at 3–5. This Court does not reach the question of certification because certification is a question for the Ninth Circuit. If requested, a certificate of appealability under 28 U.S.C. § 2253(c) would also be DENIED because Petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." See

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Dated: February 28, 2018

CHARLES R. BREYER
United States District Judge